BALTHIS, J.
 

 Plaintiff Fidelity and Deposit Company filed an action against defendant Carl Whitson on an indemnity agreement and on March 4, 1960, judgment was rendered in favor of plaintiff for the sum of $4,853. Defendant appealed therefrom, filing an undertaking on appeal (pursuant to Code Civ. Proc., § 942), in the penal sum of $10,000 executed by United States Fidelity and Guaranty as surety.
 

 The District Court of Appeal affirmed the judgment and directed the trial court to determine a reasonable attorney’s fee for services on appeal to plaintiff, and to add such fee to the principal amount of the judgment in favor of plaintiff.
 
 (Fidelity & Deposit Co.
 
 v. Whitson, 187 Cal.App.2d 751, 759 [10 Cal.Rptr. 6].)
 

 On April 17, 1961, after notice to defendant, the trial court held a hearing and made a determination and award of reasonable attorney’s fees for services on appeal to plaintiff in the amount of $800. On April 20, 1961, the court made its order awarding said sum of $800 as reasonable attorney’s fees and adding this amount to the original judgment. Defendant appeals from this last-mentioned order.
 

 Plaintiff thereafter made written demand upon United States Fidelity and Guaranty Company for payment of the judgment on its undertaking on appeal, pursuant to section 942, Code of Civil Procedure; demand was also made upon defendant for payment of the judgment. Nothing having been paid, plaintiff then proceeded by motion for entry of judgment against United States Fidelity and Guaranty Company for the amount of the original judgment, plus interest, costs on appeal and the attorney’s fees as allowed by the
 
 *715
 
 court. After a hearing on said motion, upon notice to defendant and the surety, judgment was entered May 5, 1961, in favor of plaintiff and against United States Fidelity and Guaranty Company, the surety on the undertaking on appeal, in the amount of $6,416. Defendant has also appealed from this judgment and the two appeals have been consolidated.
 

 Appeal From Award op Attorney’s Fees
 

 Defendant first argues that the trial court had no jurisdiction to determine reasonable attorney’s fees for services on appeal. The District Court of Appeal specifically directed the trial court
 
 “to
 
 determine a reasonable attorney’s fee for services on appeal and to add such fee to the principal amount of the judgment”
 
 (Fidelity & Deposit Co.,
 
 v.
 
 Whitson,
 
 187 Cal.App.2d 751, 759 [10 Cal.Rptr. 6]). That decision became final (petition for hearing by the Supreme Court was denied February 21, 1961) and was and is clearly the law of the case. Further, the appellate court in that case specifically held that the indemnity contract executed by defendant provided for attorney’s fees for the indemnitee (plaintiff) and that this was applicable to services rendered on appeal. The court said (p. 759) : “As indicated in the opening paragraph of this opinion, respondent is also asking this court, in the event of an affirmance, for an order awarding additional attorneys’ fees on appeal. Paragraph Second of the contract provides for such fees, which provision is also applicable to services rendered on appeal.
 
 (California Viking Sprinkler Co.
 
 v.
 
 Cheney, supra,
 
 182 Cal.App.2d 564 [6 Cal.Rptr. 197].)”
 

 Defendant next argues that at the hearing on the matter of attorney’s fees, he requested a jury trial which was denied. In the trial of the original action both parties had waived a jury under section 631, Code of Civil Procedure. The court’s ruling on defendant’s objection to the jurisdiction of the court and his request for a jury trial, as shown by the transcript, is as follows:
 

 “The Court : The objection on the ground of not being within the jurisdiction of the Court is overruled and the Court will rule that you have waived a jury in this proceeding and that you can’t now claim a jury for this ancillary step after the judgment.”
 

 We approve the trial court’s ruling that after the jury trial had been waived by the parties in the original action, it could not be demanded as a matter of right for the
 
 *716
 
 trial of this one supplemental issue pertaining to the amount of attorney’s fees to be awarded for services on appeal.
 

 In
 
 Spaulding
 
 v.
 
 Cameron,
 
 127 Cal.App.2d 698 [274 P.2d 177], an action for an injunction and damages was originally tried with both parties waiving a jury trial. On the first appeal before the Supreme Court, the judgment was affirmed in part and reversed in part with instructions. On the second trial, defendant demanded a jury trial and this was denied. On the second appeal this ruling by the trial court was áffirmed. The court said (p. 703) : “If the trial court on motion for a new trial had discovered its error and had granted a limited retrial for the purpose of adjudicating issues that had not been determined, or if after the evidence was closed the trial had been reopened for evidence as to the permanency of the nuisance, it could scarcely have been contended by the defendant that in the further proceedings he was not bound by his waiver of a jury. We see no substantial difference between the proceedings that were had pursuant to the mandate of the Supreme Court and proceedings that would have been had if the trial court of its own volition had reopened the ease or had vacated its findings and judgment in part and had proceeded to determine the questions which it eventually did determine pursuant to the directions of the Supreme Court. It was not error to refuse the request for a jury trial.”
 

 In the instant case the issue was clearly ancillary because it could only arise after the appeal was determined. Further, the judgment in the main action was affirmed and there is here no retrial of an issue because of a reversal. We hold that after there has been a waiver of the right to a jury in the trial of the main action, there is no right to a jury trial of an ancillary or supplemental issue such as was involved in this ease; the waiver as made originally is still applicable.
 

 Where the trial court has fixed the amount of fees for legal services, its determination will not be disturbed unless there is a plain abuse of discretion
 
 (Kurland
 
 v.
 
 Simmons,
 
 126 Cal.App.2d 79, 82 [271 P.2d 553]). The award made in this case of $800 as attorney’s fees for services on appeal appears reasonable, is supported by the evidence and the record indicates no abuse of discretion whatsoever.
 

 Appeal From Judgment Against Surety on Appeal Bond
 

 This judgment was entered-against the surety on the l)oncl;pursuant to section 942, Code of Civil Procedure, and
 
 *717
 
 not against defendant. The latter is not a party aggrieved by it and no appeal therefrom may be taken by him (Code Civ. Proe., § 938). For that reason such purported appeal should be dismissed.
 

 Even assuming for the purposes of discussion that an appeal would lie, defendant’s contentions on the appeal are without merit.
 

 The judgment against the surety could have been made ex parte (see
 
 Chas. F. Harper Co.
 
 v.
 
 DeWitt Mortg. & Reatty Co.,
 
 10 Cal.2d 467, 469 [75 P.2d 65]). Here, however, a motion was made and notice given to both the surety and defendant. Prior to the hearing, defendant wired from Oklahoma requesting a continuance of the hearing of the motion which was denied and of which denial defendant complains. We see no abuse of discretion by the trial court as such notice of the hearing was given to the surety and defendant by courtesy only. Under the terms of the undertaking on appeal the surety consented to the entry of judgment without notice.
 

 Defendant further argues that the trial court had no jurisdiction to enter the judgment against the surety on the undertaking on appeal because previous thereto, the trial court had made its order regarding attorney’s fees and defendant had filed his notice of appeal therefrom. Defendant argues that the appeal from the previous order divested the trial court of jurisdiction.
 

 However, the appeal filed by defendant from the order determining reasonable attorney’s fees, pursuant to the direction of the District Court of Appeal, did not divest the superior court of jurisdiction with respect to collateral matters; namely, matters not embraced within the subject of the order determining reasonable attorney’s fees for services on appeal. (See
 
 Neff
 
 v.
 
 Ernst,
 
 48 Cal.2d 628, 633-634 [311 P.2d 849].)
 

 The other points made by defendant have no merit and are not pertinent to. the orders appealed from.
 

 Plaintiff makes a request for additional attorney’s fees for services on the present appeals. While the request has merit, it will be denied in the interest of having the litigation finally terminated. However, in the event of further appeals or proceedings by defendant, it should be noted that this request by plaintiff is denied without prejudice.
 

 
 *718
 
 The order awarding attorney’s fees is affirmed; the purported appeal from the judgment against United States Fidelity and Guaranty Company is dismissed.
 

 Burke, P. J., and Jefferson, J., concurred.
 

 A petition for a rehearing was denied August 14, 1962, and appellant’s petition for a hearing by the Supreme Court was denied September 11, 1962.