[No. D007395. Fourth Dist., Div. One. Apr. 19, 1989.]

ENCINITAS PLAZA REAL, Plaintiff and Respondent, v.
JAMES S. KNIGHT et al., Defendants and Appellants.

**COUNSEL**

McInerney & Dillon and William A. Barrett for Defendants and Appellants.

Monaghan & Metz and Steven G. Amundson for Plaintiff and Respondent.

## OPINION

**TODD, J.**—James S. Knight, Laura Knight, Margaret A. Vadnais and Karen Schmitz (collectively Knight) appeal a judgment entered October 1, 1987, after a court trial, in favor of Encinitas Plaza Real (Plaza) for $5,748.90, and two postjudgment orders filed January 28, 1988, that awarded Plaza $38,793.46 in attorney's fees and $869.10 in costs. This appeal follows the second trial of the matter after the opinion of this court in *Encinitas Plaza Real* v. *James S. Knight et al.* (D001216; 4 Civ. No. 31519), an unpublished opinion issued November 12, 1985. In this appeal, Knight contends the trial court erred by not giving effect under Code of Civil Procedure[1] section 998 to Knight's offer(s) of compromise. We reject this contention because we find, under the circumstances here, attorney's fees are not costs, and therefore the cost-shifting aspects of section 998, subdivision (c), did not become operative.

### FACTS

In October 1978, Plaza, a partnership, leased space for 10 years in its shopping center to Knight, who vacated the space February 28, 1981. Plaza gave a three-day notice on March 26, 1981, demanding Knight to pay rent or quit the premises. The notice stated right of possession would terminate March 29, 1981. On July 27, 1981, Plaza sued Knight to recover rents, late charges, taxes and other expenses totaling $6,418.17 and for "such further rental, expenses, late charges and other amounts" to become due and proven at time of trial. The complaint did not plead a termination of the lease or seek to oust Knight from the premises. The complaint sought only money damages, including attorney's fees, pursuant to the lease. On April 2, 1982, Knight offered to settle for $10,000; Plaza did not respond to the offer and the case was subsequently tried. Judgment was rendered in favor of Plaza for $112,263.31 in damages, $10,017.75 in attorney's fees and $117 in costs. On November 12, 1985, we reversed because of the trial court's failure "to make a requested statement of decision and to follow procedural requirements essential to the administration of justice."[2] We also noted that the

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] The unpublished decision characterized the proceedings in the first trial as a "procedural chamber of horrors." The procedural history included the following: Trial commenced on May 19, 1982, and on May 20 was continued to and concluded June 15, 1982, when the court took the matter under submission with briefs to be filed by the parties. On May 20, 1983, the trial court conducted a hearing and announced a tentative decision in which it would render an interlocutory judgment with annual reviews of the efforts of the parties to mitigate damages. Knight requested a statement of decision pursuant to section 632. At a hearing in September 1983, Knight argued against the lack of finality in the court's concept of an annual accounting for rents over the remaining eight years of the lease and the trial court replied, "If you want a total judgment at this time, we'll be happy to render one." The trial court also

trial court failed to apply the provisions of Civil Code section 1951.2 in calculating damages.

On June 29, 1987, Knight tendered a second offer to settle—this time in the amount of $21,291.13.[3] Again, Plaza did not accept the offer. The second trial began on July 22, 1987, before the Honorable Michael Harris and concluded the following day. (Judge Harris did not preside over the first trial.) In the second trial, the trial court found Plaza's gross loss was $98,371.88, but the offset total, calculated pursuant to Civil Code section 1951.2, was $92,622.98 as of July 1987. The court awarded damages in the amount of $5,748.90 with costs and attorney's fees in an amount to be fixed subsequently. ■■ ■ ■ The parties had stipulated the issue of attorney's fees would be reserved until after the trial and the prevailing party was determined.[4] After entry of judgment, Plaza filed a cost memorandum in the amount of $39,662.56, including $38,793.46 for attorney's fees. Knight subsequently moved to tax costs on the grounds that certain costs, including attorney's fees in the amount of $37,263.46, should be disallowed because the judgment on retrial was less than $10,000—the amount of Knight's April 2, 1982, offer to compromise. Knight also filed a cost memorandum in the amount of $64,812.17, including $9,211.13 for costs awarded in connection with the appeal of the first trial. At a hearing December 18, 1987, the trial court awarded Plaza attorney's fees of $38,793.46 and costs of $869.10 and denied all of Knight's requests for attorney's fees and costs except for the $9,211.13 in costs awarded for the successful appeal of the first trial.[5]

---

ruled Knight had waived the statement of decision for the May 20 ruling. Knight next asked for a statement of decision explaining the September decision. The minutes for an October 26, 1983, hearing indicate "judgment entered as previously ordered & according to Pltf's calculations & formula." Again, Knight requested a statement of decision. On November 2, 1983, the trial court signed a judgment which was entered the next day, reciting waiver of a statement of decision by Knight, ordering the lease terminated, and awarding Plaza $112,263.31 damages, $10,017.75 attorney's fees and $117 costs, nunc pro tunc as of May 20, 1983, "which shall be and is the date of entry of judgment." At a December 8, 1983, hearing, the trial court ruled Knight's requests for statements of decisions with respect to the September and October rulings were untimely.

[3] The offer consisted of $10,000 plus Knight's security deposit of $2,080 and the appellate court award of costs to Knight in the amount of $9,211.13.

[4] There is no requirement that an award of attorney's fees be made before entry of judgment. The right to fees under a contract must be pleaded and proved, but if the prevailing party cannot be finally determined before entry of judgment, fees may be awarded in a post-judgment hearing, either by amendment of the judgment or by an order on a collateral matter after judgment. (*Mabee* v. *Nurseryland Garden Centers, Inc.* (1979) 88 Cal.App.3d 420, 429 [152 Cal.Rptr. 31].)

[5] On January 28, 1988, the trial court issued "Order Denying Defendants' Motion to Tax Costs, Granting Plaintiffs' [sic] Motion to Tax Costs and Awarding Plaintiffs' [sic] Attorney's Fees and Costs." The order reads in pertinent part: "It is hereby ordered: [¶] 1) Defendants' motion to tax costs set forth in the *memorandum of costs of plaintiff in the total amount of $39,662.56* is denied; [¶] 2) plaintiff is awarded attorney's fees in the amount of $38,793.46

## Discussion

### I

Section 998 provided in pertinent part at the relevant time: "(a) The costs allowed under Sections 1031 and 1032 shall be withheld or augmented as provided in this section.

"(b) Not less than 10 days prior to commencement of trial, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time.

"(1) If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly.

"(2) If the offer is not accepted prior to trial or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn, and cannot be given in evidence upon the trial.

"(3) For purposes of this subdivision, a trial shall be deemed to be actually commenced at the beginning of the opening statement of the plaintiff or counsel, and if there is no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence.

"(c) If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his or her costs and shall pay the defendant's costs from the time of the offer. In addition, in any action or proceeding other than an eminent domain action, the court, in its discretion, may require the plaintiff to pay the defendant's costs from the date of filing of the complaint and a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the defendant."

 Costs incurred by the plaintiff after an offer of compromise is made by the defendant pursuant to section 998 must be excluded in determining

---

which the court finds to be reasonable, and *additional costs* in the amount of $869.10 attorney's fees and costs in the total amount of $39,662.56 to be in addition to and supplemental to the judgment entered in this action on October 1, 1987; . . . ." (Italics added.) Also on January 28, 1988, the trial court issued "Order After Judgment to Award Plaintiff Attorney's Fees and Costs." This order reads in pertinent part: "[Plaza] be and hereby is awarded attorney's fees and costs in the total amount of $39,662.56 . . . ." We note the ambiguous language of the first order, which could appear to treat attorney's fees as costs. However, as we shall discuss, *post,* the attorney's fees here are not costs.

whether plaintiff has obtained a "more favorable judgment" within the meaning of the section relating to costs. (*Bennett* v. *Brown* (1963) 212 Cal.App.2d 685, 688 [28 Cal.Rptr. 485].)[6] ■■ Hence, under section 998, if Plaza's actual recovery—i.e., Plaza's recovery less costs—was less than Knight's offer of compromise, then (1) Knight would be liable for only the pre-offer costs incurred by Plaza and (2) Plaza would be liable for the post-offer costs incurred by Knight.

Thus, the key issue presented is whether the attorney's fees awarded here should be considered an item of costs in the context of section 998. Knight's appeal is premised on the notion that attorney's fees are an element of costs. We disagree.

In *Cirimele* v. *Shinazy* (1954) 124 Cal.App.2d 46, 52 [268 P.2d 210], the court held attorney's fees were not "costs" within the meaning of section 997. In *Distefano* v. *Hall* (1968) 263 Cal.App.2d 380 [69 Cal.Rptr. 691], the court, relying on *Cirimele, supra,* observed: "Where a contract provides for attorneys' fees, the fees are technically not regarded as part of the costs but as a special damage expressly authorized by the contract . . . ." (*Distefano* v. *Hall, supra,* 263 Cal.App.2d at p. 385, fn. 4.) In keeping with these authorities and determining whether the attorney's fees here are costs, we first consider the underlying contract. "[T]he extent of lessors' right and lessee's duty [with respect to a reasonable attorney fee] is measured by the terms of their agreement; . . . ." (*Genis* v. *Krasne* (1956) 47 Cal.2d 241, 248 [302 P.2d 289].)

Here, the Plaza-Knight lease provided: "In the event Owner or Tenant retains an attorney to enforce the provisions of this lease against the other, the party which establishes a breach of this lease shall be entitled to recover from the other reasonable attorney's fees and costs incidental to such enforcement regardless of whether or not suit is brought. Legal fees and costs to which Owner is hereunder entitled shall be considered as rent and payable within ten days of notice to Tenant of the amount due hereunder." It is clear the recovery of attorney's fees here was authorized by the above provision of the parties' agreement. Plaza's claim for attorney's fees rests upon the contract or lease and not upon statute. As such, Plaza has the

---

[6] "[*Bennett*] involved a statutory offer of compromise made pursuant to the predecessor to section 998, former section 997. (Added by Stats. 1851, ch. 5, § 390, p. 113, and repealed by Stats. 1971, ch. 1679, § 1, p. 3605.) That section provided for statutory offers of compromise by defendants only. Such offers were deemed to be withdrawn if they were not accepted within five days. This five-day period was later extended to a ten-day period. (Stats. 1969, ch. 277, § 1, p. 626.) Section 998 was enacted in 1971. (Stats. 1971, ch. 1679, § 3, pp. 3605-3606.) [Section 998] expanded former section 997's coverage to include statutory offers of compromise by plaintiffs as well as defendants. . . ." (*T. M. Cobb Co.* v. *Superior Court* (1984) 36 Cal.3d 273, 279, fn. 6 [204 Cal.Rptr. 143, 682 P.2d 338].)

right to recover them as damages under the contract rather than costs. (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 153, p. 578.)

In *Mabee* v. *Nurseryland Garden Centers, Inc., supra,* 88 Cal.App.3d 420, 427, this court observed: " 'Where the right to attorney's fees, as in this case, is based upon contract and not upon statute, recovery, if at all, must be had upon that contract, and such fees cannot be taxed as costs. (Code Civ. Proc., sec. 1021.)' " (Quoting *City Investment Co.* v. *Pringle* (1920) 49 Cal.App. 353, 355 [193 P. 504].)

Likewise, an exploration of the statutory language of several pertinent provisions convinces us that the attorney's fees here are not costs. Section 1032 provides a prevailing party is entitled as a matter of right to recover costs in any action or proceeding and section 1033.5 lists allowable costs under section 1032. Section 1033.5 provides in pertinent part: "(a) The following items are allowable as costs under section 1032:

". . . . . . . . . . . . . . . . . . .

"(10) Attorney fees authorized by statute . . . .

". . . . . . . . . . . . . . . . . . .

"(c) Any award of costs shall be subject to the following:

". . . . . . . . . . . . . . . . . . .

"(5) When any statute of this state refers to the award of 'costs and attorney's fees,' attorney's fees are an item and component of the costs to be awarded and are within the ambit of paragraph (10) of subdivision (a)." The language of sections 1032 and 1033.5 are in accord with the general rule that attorney's fees recoverable under statutes are treated as costs. (See 7 Witkin, *op. cit. supra,* at pp. 577-578.) However, as discussed above, here Plaza's claim for attorney's fees rests on its contract (the lease) and *not* on a statute, such as Civil Code section 1717 or any other statute. Hence, the attorney's fees awarded here are not costs within the meaning of sections 1032, 1033.5 or 998.

We also find noteworthy the statutory language of section 1021, which distinguishes between attorney's fees and costs: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided."

Since the attorney's fees here were not part of the costs, but rather an element of the damages, Plaza's recovery exceeded both the April 2, 1982, offer of compromise and the June 29, 1987, offer of compromise, rendering the cost-shifting provision of section 998, subdivision (c), inoperative in this case.

Knight argues that allowing attorney's fees here gives litigants such as Plaza carte blanche to sandbag, use manipulative tactics and "gamble on attaining a judgment that was never in the cards to begin with"—all in contradiction of section 998's policy of promoting the settlement of cases before trial.

We are not unmindful of the policy behind section 998 and how the result here does not seem at first blush to fully support that policy. ■ "The purpose of this section is to encourage the settlement of litigation without trial. (*Distefano* v. *Hall* (1968) 263 Cal.App.2d 380, 385 [69 Cal.Rptr. 691].) Its effect is to punish the plaintiff who fails to accept a reasonable offer from a defendant." (*Brown* v. *Nolan* (1979) 98 Cal.App.3d 445, 449 [159 Cal.Rptr. 469].) ■ While we applaud the policy of encouraging settlements, we cannot go beyond the language of the statute, which employs the word "costs"—not "attorney's fees." To do so would usurp the prerogative of the Legislature.

Here, the unfortunate myriad hearings pertaining to the statement of decision issue in the first trial and the ensuing appeal created what appears to be an inequity with respect to the attorney's fees. However, we note Knight was successful in its appeal of the first trial, eliminating a $122,298.06 adverse judgment. As unseemly as the disparity between the ultimate underlying award of $5,748.90 and the attorney's fee award of $38,763.46 is, it is clear Plaza prevailed in the end, and, as discussed above, its attorney's fees were properly part of the judgment. Further, Knight has not cited any authority for partitioning the attorney's fees, and we know of none. ■ The trial court has wide discretion in awarding attorney's fees and an appellate court will not disturb an award of attorney's fees in the absence of a manifest abuse of discretion. (*Fidelity & Deposit Co.* v. *Whitson* (1962) 205 Cal.App.2d 713, 716 [23 Cal.Rptr. 491].) No such abuse of discretion appears from this record. Nonetheless, we cannot deny that the size of the award of attorney's fees relative to the underlying award here is troublesome. ■ As to this appeal, the trial court will not have jurisdiction to award attorney's fees unless we invest it with such jurisdiction. (*American City Bank* v. *Zetlen* (1969) 272 Cal.App.2d 65, 66-70 [76 Cal.Rptr. 898].) In exercise of our discretion and for reasons of equity (see *International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218, 223-224 [145 Cal.Rptr. 691, 577 P.2d 1031]), we expressly withhold such jurisdiction. No

award of fees is to be made for the services of Plaza's attorneys on this appeal.

## DISPOSITION

Judgment affirmed.

Each party to bear its own costs.

Kremer, P. J., and Huffman, J., concurred.

A petition for a rehearing was denied May 19, 1989, and appellants' petition for review by the Supreme Court was denied August 10, 1989.