[No. A041687. First Dist., Div. One. Aug. 22, 1989.]

MARY KELLY et al., Plaintiffs and Appellants, v.
CHOON YEE et al., Defendants and Respondents.

COUNSEL

Randall M. Shaw and Roger Stoll for Plaintiffs and Appellants.

Jeffrey A. Skinner, Timothy S. Woodall and Gudmundson, Siggins, Stone & Skinner for Defendants and Respondents.

OPINION

NEWSOM, Acting P. J.—This appeal concerns a suit filed in San Francisco Superior Court on September 8, 1986, by three evicted tenants, Mary Kelly, Huang Yang Shih Chien, and Carol Huang, against their landlords, Choon Yee and Eva Yee (hereafter respondents). The original and first amended complaints alleged eight causes of action, but the case went to trial only on theories of breach of the implied warranty of habitability and wrongful eviction under section 37.9 of the San Francisco Administrative Code. Mary Kelly and Huang Yang Shih Chien (hereafter appellants) pursued both theories; Carol Huang abandoned the claim of wrongful eviction and sought recovery solely on the implied warranty of habitability.

On October 22, 1987, respondents made a written offer of settlement pursuant to Code of Civil Procedure section 998 to have judgment entered against them in the sum of $25,000, each party to bear its own costs and attorneys' fees. Appellants refused the offer, and the case went to trial the following month. In special verdicts, the jury found that appellants had been wrongfully evicted in violation of the rent control ordinance, awarding Mary Kelly general damages of $1,788 and punitive damages of $500 and awarding Huang Yang Shih Chien general damages of $3,164 and punitive damages of $500. The jury found for respondents, however, on the causes of action for breach of the implied warranty of habitability. Judgment on the verdict was entered December 14, 1987.

In a posttrial motion, appellants moved for an order vacating the judgment and entering a new judgment for treble damages. Both appellants and respondents filed memoranda of costs. Appellants claimed costs of $50,056.50, including attorney fees of $47,782.50; respondents claimed costs of $64,440.62, including attorney's fees of $59,310. Both appellants and respondents subsequently moved to tax the other's cost bills, arguing that only nominal costs, if any, were recoverable. In a minute order entered February 19, 1988, the trial court denied appellants' motion for entry of a judgment trebling damages and granted in part the motions to tax costs. In

appellants' favor, the court allowed attorney fees incurred through October 22, 1987, in the amount of $13,250 and costs of $636.72; and in respondents' favor, it allowed attorney fees incurred after October 22, 1987, in the amount of $12,000 and costs of $3,129.68. Appellants now challenge only the court's rulings on posttrial motions.

The dispute concerns a three-story building at 935-937-939 Leavenworth Street in San Francisco that was used for many years as a boarding house. Appellant Mary Kelly, age 71, and Huang Yang Shih Chien, age 62, are former tenants living on fixed incomes. The landlords, respondents Choon and Eva Yee, are an elderly couple who operated a laundry upon immigrating to San Francisco from China in the 1930's. After buying the property in 1965, they moved into the top flat and continued to maintain a boarding house operation in the two lower floors. In 1986 these floors were rented to 12 tenants who shared kitchen and bathroom facilities.

Respondents were forced to discontinue the boarding house operation upon losing liability insurance coverage on the building. When a tenant was injured in 1985 and made a claim against respondents, their insurance carrier learned for the first time that the building was used as a rooming house and declined to renew its insurance policy. Respondents were unable to find another carrier. Believing they had no choice but to convert the building to three units, Mr. Yee consulted an attorney, Hanna C. Leung, regarding the proper manner of evicting the present tenants. Leung erroneously advised him that the building was exempt from the provisions of the San Francisco rent control ordinance. Acting on this premise, respondents sent eviction notices to all tenants.

To oppose the eviction, appellants retained the Tenderloin Housing Clinic and filed complaints with the Residential Rent Stabilization and Arbitration Board. Respondents' attorney, Leung, was eventually persuaded that the eviction notices were in fact illegal and advised appellants' attorney that they could remain in the rooming house. By this time, however, appellants had found other quarters. Meanwhile, the Department of Public Works informed respondents that the use of the property as a boarding house was in violation of the building code. Ultimately, appellants moved to other apartments; and upon securing necessary permits, respondents renovated the building so that it could be rented as three flats.

In a summary adjudication of the issues, the trial court ruled that the eviction notices were illegal under the rent control ordinance. As a defense at trial, respondents sought to show that they were guilty of only technical

violations of the ordinance and that appellants moved to other housing on their own volition, knowing that they were not compelled to move by the eviction notices.

We consider first whether appellants were entitled to trebled damages.

Subdivision (f) of section 37.9 of the San Francisco Administrative Code, which governs the award of treble damages in the present case, provides: "Whenever a landlord wrongfully endeavors to recover possession or recovers possession of a rental unit in violation of Sections 37.9 and/or 37.10 as enacted herein, the tenant or Board may institute a civil proceeding for injunctive relief, money damages of not less that [sic] three times actual damages, and whatever other relief the court deems appropriate." In denying treble damages, the trial court construed this provision as authorizing treble damages at the discretion of the court. Appellants maintain that the provision makes the award of treble damages mandatory.

We agree with appellants' interpretation. "It is an axiom of statutory interpretation that if no ambiguity, uncertainty, or doubt about the meaning of a statute appears, the provision is to be applied according to its terms without further judicial construction (*Morse* v. *Municipal Court* (1974) 13 Cal.3d 149, 156 [118 Cal.Rptr. 14, 529 P.2d 46])." (*City of Carmel-by-the-Sea* v. *Board of Supervisors* (1986) 183 Cal.App.3d 229, 255 [227 Cal.Rptr. 899].) Section 37.9, subdivision (f), displays clumsy draftsmanship, but no real ambiguity. It plainly contemplates that "money damages" are to be "three times actual damages." Unless the phrase "not less than" is taken to authorize higher multiples of damages—an obviously absurd interpretation—it can only be read as underscoring the necessity of trebling damages; the meaning is plainly that damages are to be "not less than three times actual damages," that is, damages are to be trebled. This language no doubt might have been better placed in a separate sentence rather than inserted through prepositional phrases into a sentence authorizing the tenant or the board to bring civil proceedings. The result is an awkwardly overloaded sentence which, however, still reveals unmistakably a legislative intent that damages be trebled.

The trial court interpreted the word "may" as giving it discretion to award treble damages. This verb, however, has no reference to the language relating to treble damages. The subject of the verb is "the tenant or Board"; its object is the phrase "a civil proceeding." The language merely authorizes the tenant or the board to bring civil proceedings.

We find nothing in the legislative context suggesting a contrary interpretation. A provision dealing with evictions is essential to the effective administration of the San Francisco Rent Stabilization and Arbitration Ordinance. The ordinance permits landlords to raise rents whenever a unit becomes vacant, thereby creating prospective economic advantages for the unscrupulous landlord. Without such controls as the ordinance imposes, then, landlords might abuse the statutory scheme by maintaining a high tenant turnover. To block this possibility, subdivision (a) of section 37.9 limits evictions to 13 specified grounds, while subdivision (f) provides civil remedies for evictions that do not fall into these categories.

The ordinance as a whole relies heavily on tenant initiative for enforcement. Since evictions cannot be easily monitored by a city bureaucracy, the remedies for illegal evictions will be triggered principally by tenant action. However, lawsuits over wrongful evictions are likely to involve small amounts of money that may not justify the costs of litigation—especially in the case of suits brought by the very type of tenant the ordinance is especially intended to protect: "senior citizens, persons on fixed incomes and low and moderate income households." (S.F. Admin. Code, § 37.1, subd. (b)(2).) If civil remedies in aid of these tenants are to be meaningful, they must provide sufficient financial incentive to justify bringing suit. The award of treble damages very clearly serves such a purpose.

Respondents argue that section 37.9, subdivision (f), can reasonably be construed to apply only to illegal evictions that display a "dishonest or evasive purpose." It is "absurdly harsh," they say, to award treble damages for technical violations. But the ordinance contains no provisions for measuring the degree of culpability of the offender. We are obliged to enforce the ordinance as it is written.

In an imaginative argument, respondents contend that the award of treble damages under section 37.9, subdivision (f) of the San Francisco Administrative Code is preempted by Civil Code section 3294—authorizing punitive damages. They cite judicial language to the effect that treble damages are "punitive in nature." (*Circle Oaks Sales Co.* v. *Smith* (1971) 16 Cal.App.3d 682, 684-685 [94 Cal.Rptr. 232]; *Drewry* v. *Welch* (1965) 236 Cal.App.2d 159, 172 [46 Cal.Rptr. 65]; *Caldwell* v. *Walker* (1963) 211 Cal.App.2d 758, 762 [27 Cal.Rptr. 675].) ■ This truism, however, is merely semantical and diversionary: local legislation is preempted only where it is in conflict with general law. (*People* ex rel. *Deukmejian* v. *County of Mendocino* (1984) 36 Cal.3d 476, 484 [204 Cal.Rptr. 897, 683 P.2d 1150].) ■ Treble

damages under section 37.9, subdivision (f) of the San Francisco Rent Control Ordinance serve an entirely different legislative objective than punitive damages under Civil Code section 3294. Such damages promote effective enforcement of the ordinance on behalf of low-income tenants, while punitive damages generally serve to deter the sort of extreme disregard for the rights of others that "decent citizens should not have to tolerate." (*Flyer's Body Shop Profit Sharing Plan* v. *Ticor Title Ins. Co.* (1986) 185 Cal.App.3d 1149, 1154 [230 Cal.Rptr. 276].)

There is scant merit in respondents' additional argument that the award of treble damages violates due process. While the courts have invalidated statutory penalties which are "wholly disproportionate to any discernible and legitimate legislative goal," we know of no authority holding that treble damages are constitutionally defective. (Cf. *Hale* v. *Morgan* (1978) 22 Cal.3d 388, 397-399 [149 Cal.Rptr. 375, 584 P.2d 512].)

Our conclusions concerning damages disposes of the other issues on this appeal. The trial court relied on Code of Civil Procedure section 998 to reduce appellants' recovery of costs and to award costs to respondents. If damages are trebled, this provision will not apply.

Section 998 allows either party to submit a written offer of settlement at least 10 days before trial. If the other party refuses this offer and later fails to secure a more favorable judgment, the costs allowed under Code of Civil Procedure section 1031 and 1032 "shall be withheld or augmented as provided [by the section]." The governing portion of section 998 provides: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his or her costs and shall pay the defendant's costs from the time of the offer."

The settlement offer here was for $25,000. ▋ In determining whether appellants obtained a judgment more favorable than the settlement offer, we first add to the judgment of damages those recoverable costs and attorney's fees authorized by statute and incurred before the settlement offer. (*Harvard Investment Co.* v. *Gap Stores, Inc.* (1984) 156 Cal.App.3d 704, 711-713 [202 Cal.Rptr. 891]; *Encinitas Plaza Real* v. *Knight* (1989) 209 Cal.App.3d 996, 1000-1001 [257 Cal.Rptr. 646].) The trial court awarded appellants $636.72 in costs and $13,500 in attorney's fees incurred through October 22, 1987—the date of the settlement offer. In addition, general damages here were $4,952; when trebled they amount to $14,856. Punitive damages amounted to $1,000. Hence, the total of preoffer costs and

attorney's fees, punitive damages, and trebled general damages was $29,992.72, a sum exceeding the settlement offer.

Seeking to avoid the conclusion that the trebling of damages will give appellants a judgment more favorable than the settlement offer, respondents advance two arguments. First, they argue "that respondents were the prevailing party as to plaintiff Carol Huang and therefore entitled to *their* costs and attorney's fees as against her . . . ." Their reasoning appears to be that, since the settlement offer was made to all three plaintiffs, in determining the value of the judgment ultimately obtained, the award of preoffer attorney's fees and costs to the two appellants must be offset by any award of postoffer attorney's fees and costs against Carol Huang. Although the argument has possible merit, it rests on questionable assumptions: it assumes that a defendant may make a settlement offer under Code of Civil Procedure section 998 jointly to multiple plaintiffs, despite the holding of *Randles* v. *Lowry* (1970) 4 Cal.App.3d 68 [84 Cal.Rptr. 321]; and it evidently also assumes that respondents were entitled to recover attorney's fees from Huang following her voluntary relinquishment of a wrongful eviction claim under San Francisco Administrative Code section 37.9, subdivision (f): the amount of costs recoverable from Huang presumably would not be enough to affect the application of section 998. Respondents have not created, however, a record that would permit this court to rule on these issues. They have not at any time requested or received an actual award of costs and attorney's fees against Huang. Their memorandum of costs made no allocation of expenses to the defense of Huang's claim, and the minute order awarding costs and attorney's fees made no such distinction. As a matter of judicial policy, we decline to reopen the proceedings to allow respondents to pursue a claim they failed earlier to initiate.

Secondly, respondents argue "that appellants were only entitled to *reasonable* preoffer attorneys' fees . . . ." They appear to suggest that the award of $13,250 in preoffer attorney's fees was excessive and that an appropriate reduction of this award would reduce appellant's judgment below the amount of the settlement offer. It may indeed be argued that the evaluation of preoffer attorney's fees was generous, but respondents have filed no cross-appeal in this action. ■ They cannot seek appellate review of the reasonableness of the award of preoffer attorney's fees without filing a notice of appeal from the portion of the minute order ruling on their motion to strike appellants' cost bill. (See 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 125, p. 551.)

■ Since Code of Civil Procedure 998 does not operate to shift liability for costs, appellants are entitled under San Francisco Administrative Code

section 37.9, subdivision (f), to reasonable attorney's fees and costs for the services and expenses enumerated in their memorandum of costs. The evaluation of reasonable attorney's fees will, of course, be subject to equitable considerations. (*International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218, 223-224 [145 Cal.Rptr. 691, 577 P.2d 1031].)

The judgment is reversed and the case remanded for further proceedings consistent with this decision. Costs to appellants.

Holmdahl, J., and Stein, J., concurred.