[No. B073708. Second Dist., Div. Six. Jan. 18, 1995.]

PETER L. ADAM et al., Plaintiffs and Appellants, v.
LINDA C. POWERS DeCHARON, Defendant and Respondent.

COUNSEL

Weldon & DeGasparis and Richard P. Weldon for Plaintiffs and Appellants.

John C. Lauritsen for Defendant and Respondent.

## OPINION

**GILBERT, J.**—An attorney fee clause in an agreement provides that in any action arising out of the agreement, the prevailing party shall be entitled to reasonable attorney fees. Plaintiff brings an action for breach of contract and for tort violations arising out of the contract. A jury finds for defendant on the breach of contract action, but finds for the plaintiff on the tort cause of action and awards damages.

Here we hold that plaintiff is the prevailing party for the purpose of determining attorney fees and such fees must be included in assessing whether the judgment was more or less than a statutory offer to compromise made by defendant pursuant to Code of Civil Procedure section 998.

Peter and Amy Adam appeal from a posttrial order denying their request for attorney fees and costs. The trial court ruled that defendant Linda DeCharon was the "prevailing party" under Civil Code section 1717. The court awarded DeCharon fees and costs because the verdict was less than her statutory offer to compromise. (Code Civ. Proc., § 998, subd. (c).) We reverse.

### FACTS

The Adams purchased a house in Santa Maria from DeCharon. After escrow closed the house had drainage problems and it sustained water damage. The Adams brought suit for breach of contract, failure to disclose,

negligent misrepresentation, negligence, breach of implied warranty, and trespass.

The first amended complaint named DeCharon, the developer, and a neighbor as defendants. The Adams alleged that DeCharon provided a disclosure statement but "intentionally failed to disclose flooding, drainage and grading problems which she knew of and which she had previously disclosed on an earlier statement." The real estate transfer disclosure statement stated in pertinent part: "THIS INFORMATION IS A DISCLOSURE AND IS NOT INTENDED TO BE PART OF ANY CONTRACT BETWEEN THE BUYER AND SELLER." The developer filed a cross-complaint for indemnification against DeCharon and her former husband, William Powers.

On March 19, 1992, DeCharon and Powers served an offer to compromise for $15,000, including costs. (Code Civ. Proc., § 998.) The Adams rejected this offer. The jury, by special verdict, found that DeCharon did not breach the real estate purchase contract but awarded $3,300 damages for concealment and $6,600 for failure to complete a real estate disclosure statement in good faith. (Civ. Code, § 1102 et seq.) The jury also awarded $111,370 damages against the developer.

The Adams moved for $44,600 attorney fees and $7,495 costs against DeCharon. Paragraph 16 of the real estate purchase contract and receipt for deposit provided: "ATTORNEY'S FEES: In any action, proceeding, or arbitration arising out of this agreement, the prevailing party shall be entitled to reasonable attorney fees and costs."

DeCharon filed a $38,418.01 cost bill, of which $32,669.01 was for attorney fees.

In its minute order the trial court stated that DeCharon was the prevailing party because the verdict was less than her statutory offer to compromise, and awarded her $15,344.50 attorney fees. The court applied a $9,900 setoff for the verdict amount and entered a $5,444.50 judgment for DeCharon plus $2,512.09 costs. (Civ. Code, § 1717, subd. (c).) The Adams appeal and contend they were prevailing parties in the action.

DISCUSSION

### I. *Who Is the Prevailing Party?*

The trial court concluded that DeCharon was the prevailing party because the jury found she had not breached the contract. But the jury

verdict reflects that it did find DeCharon liable in tort arising out of the contract. The jury awarded $3,300 for DeCharon's failure to disclose the problem with the drainage, and $6,600 for DeCharon's failure to comply with the requirements of the real estate disclosure statement. (Civ. Code, § 1102 et seq.)

The attorney fee clause in the agreement to purchase the property here provided that in "any action . . . arising out of this agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs." This clause was "broad enough to encompass both contract actions and actions in tort . . . ." (*Xuereb* v. *Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1343 [5 Cal.Rptr.2d 154]; *Lerner* v. *Ward* (1993) 13 Cal.App.4th 155, 160 [16 Cal.Rptr.2d 486].)

The Adams are not prevailing parties on their contract cause of action and therefore are not entitled to fees under Civil Code section 1717. (*Reynolds Metal Co.* v. *Alperson* (1979) 25 Cal.3d 124, 129 [158 Cal.Rptr. 1, 599 P.2d 83].) They may, however, seek fees under Code of Civil Procedure section 1021. Section 1021 states in pertinent part: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys . . . is left to the agreement, express or implied, of the parties . . . ."

One of the causes of action on which the Adams prevailed was the failure of DeCharon to comply with the requirements of Civil Code section 1102 et seq. She did not complete the real estate transfer disclosure statement. That this cause of action concerns the violation of a statute does not make it any less one arising from the agreement. But for the agreement to purchase, there would be no cause of action for violation of section 1102 et seq. Moreover, section 13 of the real estate contract required DeCharon to deliver the disclosure statement within two calendar days of Seller's acceptance.

## II. *The Section 998 Offer*

Before trial, DeCharon made a statutory offer to compromise pursuant to Code of Civil Procedure section 998. She and codefendant William Powers offered the Adams $15,000, including costs.

Code of Civil Procedure section 998, subdivision (c), provides: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his or her costs and shall pay the defendant's costs from the time of the offer. . . ."

The verdict in favor of the Adams was $9,900. The trial court found that because this was less than the statutory offer of $15,000, DeCharon was

entitled to her costs and attorney fees. But, in fact, the Adams were the prevailing parties on the tort causes of action. The trial court must therefore add to the $9,900 judgment the costs and reasonable attorney fees incurred by the Adams prior to the Code of Civil Procedure section 998 offer. (*Kelly v. Yee* (1989) 213 Cal.App.3d 336, 342 [261 Cal.Rptr. 568].) If the total amount exceeds $15,000, the Adams are entitled to costs and attorney fees.

### III.  *Timeliness of the Motion for Costs*

█  The Adams' attorney fees are costs per Code of Civil Procedure section 1021 and *Lerner* v. *Ward, supra,* 13 Cal.App.4th 155, 160. Code of Civil Procedure section 1033.5, subdivision (a)(10), provides that attorney fees when authorized by contract are allowable costs. California Rules of Court, rule 870(a)(1) provides in part that a prevailing party claiming costs shall file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment.

The Adams served and filed a memorandum of costs on November 25, 1992, seven days after the judgment was entered. Remarkably, the memorandum said nothing about attorney fees.

DeCharon filed her own memorandum of costs on December 3, 1992, together with a motion seeking a determination that she was the prevailing party under Civil Code section 1717. The Adams opposed the motion and brought their own motion for attorney fees on December 23, 1992. The motion states that the Adams incurred attorney fees in the amount of $40,600. The motion fails to set out the specific attorney fees incurred prior to the Code of Civil Procedure section 998 offer.

The court heard the motion even though it was brought more than 15 days after the date of mailing of the notice of entry of judgment. The court could hear this motion. California Rules of Court, rule 870(b)(3) provides that the "court may extend the time for serving and filing the cost memorandum . . . for a period not to exceed 30 days."

Despite the untimeliness of the Adams' motion for attorney fees, the trial court considered it. It then denied the Adams' attorney fees because it found that defendants DeCharon and Powers were the prevailing parties. The court then awarded attorney fees incurred by DeCharon prior to the Code of Civil Procedure section 998 offer and deducted from that amount the amount of the judgment in favor of the Adams.

█  We remand for further determination concerning the Adams' reasonable attorney fees incurred prior to the Code of Civil Procedure section

998 offer. If the Adams' attorney fees when added to the verdict of $9,900 exceed the amount of the Code of Civil Procedure section 998 offer of $15,000, then the court shall award the Adams all their attorney fees. If they are less, then the original judgment shall stand.

Accordingly, the judgment is reversed and remanded. Neither party shall recover costs.

Stone (S. J.), P. J., concurred.

**YEGAN, J.**—I respectfully dissent.

Our Supreme Court has held that Code of Civil Procedure section 998 reflects California's policy of encouraging settlements. (*Poster* v. *Southern Cal. Rapid Transit Dist.* (1990) 52 Cal.3d 266, 270 [276 Cal.Rptr. 321, 801 P.2d 1072].) "In order to encourage parties to accept reasonable settlement offers made pursuant to the section, subdivisions (c) and (d) of section 998 afford the offeror a remedy against a party who has failed to accept a statutory settlement offer that proves to be reasonable." (*Ibid.*) Today, the majority thwart that policy.

DeCharon made a $15,000 statutory offer which included costs on March 19, 1992, seven months before the action was tried. The Adams rejected the offer and obtained a verdict for $9,900. Judgment was entered November 18, 1992.

A month later, counsel for Adams moved for attorney fees. The motion failed to apportion fees or set forth what fees were incurred before the statutory offer was made. Instead, counsel declared that Adams' fees were "$44,600 to date." The trial court denied the motion.

The Adams have not provided a reporter's transcript of the hearing. Because this is a judgment roll appeal, every presumption is drawn in favor of the judgment. (*Wheelright* v. *County of Marin* (1970) 2 Cal.3d 448, 454 [85 Cal.Rptr. 809, 467 P.2d 537].) The majority, however, reverse on the theory that the Adams *might* be able to show that their preoffer attorney fees, when added to the $9,900 award, exceed $15,000. The holding undermines the pragmatic value of statutory offers to compromise.

The trial court, in determining whether a plaintiff has obtained a judgment more favorable than the defendant's statutory offer, adds the plaintiff's preoffer costs to the damage award. (*Stallman* v. *Bell* (1991) 235 Cal.App.3d 740, 748 [286 Cal.Rptr. 755].) "Postoffer costs are, however, excluded.

[Citations.]" (*Ibid.*) Attorney fees, under Civil Code section 1717 or Code of Civil Procedure section 1021, are treated as a cost item. (Code Civ. Proc., § 1033.5, subd. (a)(10); *Russell* v. *Trans Pacific Group* (1993) 19 Cal.App.4th 1717, 1724-1725 [24 Cal.Rptr.2d 274].) The motion for attorney fees must spell out in detail the date, nature, and value of the services rendered. (E.g., *Martino* v. *Denevi* (1986) 182 Cal.App.3d 553, 559-560 [227 Cal.Rptr. 354] [attorney's testimony that he billed $40,000 "for services rendered" insufficient].)

Here the trial court was told that the total fees were "$46,000 to date." The Adams did not itemize their attorney fees or seek leave to file an amended declaration. (Code Civ. Proc., § 473.) No competent evidence was presented that the fees and costs incurred before the statutory offer, when added to the $9,900 award, exceeded $15,000. The trial court properly concluded that DeCharon was the prevailing party as defined by Code of Civil Procedure section 998, subdivision (c).

The Adams are not entitled to a second bite of the apple. Assuming, on remand, they show that the judgment and preoffer costs exceed $15,000, the trial court retains the discretion to deny costs because the judgment could have been rendered in a court of lesser jurisdiction. (Code Civ. Proc., § 1033, subd. (a).) More problematic is Code of Civil Procedure section 998, subdivision (c). The Legislature, effective January 1, 1995, amended the statute to provide in pertinent part that ". . . . a plaintiff in a cause of action not based on tort shall not be deemed to have obtained a more favorable judgment unless the judgment obtained by the plaintiff, exclusive of attorney's fees and costs, exceeds the offer made by the defendant pursuant to this section." (Stats. 1994, ch. 332, § 1.)

I would affirm the judgment. No showing has been made that the trial court abused its discretion or failed to follow the law. "[E]ven a defendant against whom a money judgment is entered can recover costs under section 998, subdivision (c). [Citation.]" (*Bank of San Pedro* v. *Superior Court* (1992) 3 Cal.4th 797, 803 [12 Cal.Rptr.2d 696, 838 P.2d 218].)

A petition for a rehearing was denied February 15, 1995. Yegan, J., was of the opinion that the petition should be granted.