[Nos. B108797, B118837. Second Dist., Div. Five. Aug. 11, 1998.]

HERITAGE ENGINEERING CONSTRUCTION, INC., Plaintiff and Appellant, v.
CITY OF INDUSTRY et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I of the Discussion.

**COUNSEL**

John C. Goodman for Plaintiff and Appellant.

Cihigoyenetche, Grossberg & Clouse and Jean Cihigoyenetche for Defendants and Appellants.

**OPINION**

**GRIGNON, Acting P. J.**—Plaintiff Heritage Engineering Construction, Inc., appeals from the judgment and postjudgment orders denying it costs and awarding costs to defendants City of Industry and Industry Urban Development Agency (collectively the City). The City appeals from the postjudgment orders denying it attorney's fees and awarding attorney's fees to Heritage. In the published portion of this opinion, we conclude the 1997 amendment to Code of Civil Procedure section 998, which became effective while this appeal was pending, is applicable to this case. We conclude further that Heritage obtained a more favorable judgment within the meaning of Code of Civil Procedure section 998 as amended, than the City's pretrial settlement offer. In the unpublished portion of the opinion, we resolve Heritage's attack on the underlying judgment. We reverse the cost award in favor of the City and remand for a determination of costs to be awarded Heritage as the prevailing party. In all other respects, we affirm.

FACTS AND PROCEDURAL BACKGROUND

Heritage was hired by the City to widen a City street. The construction contract provided that, in the event suit was brought, the prevailing party would be entitled to reasonable attorney's fees.[1] The construction project was delayed for reasons beyond Heritage's control, and Heritage incurred additional expenses due to the delay. Heritage brought suit against the City to recover the additional expenses it incurred to complete the project.

---

[1] The contract stated, "In the event either party institutes suit to enforce any of the provisions of this agreement, the prevailing party shall be entitled to recover, in addition to any other sum to which he may be entitled, reasonable attorney's fees and costs of suit."

On July 26, 1996, the City made a statutory settlement offer of $65,000, "[s]aid sum will include [Heritage's] costs." By this time, Heritage had incurred more than $100,000 in attorney's fees. Heritage rejected the offer.

The case proceeded to trial. Heritage sought delay damages in the amount of $300,000. The jury found in favor of Heritage in the amount of $48,000. The judgment awarded costs, in an amount to be determined, to Heritage.

Heritage filed its memorandum of costs, seeking $278,465.63 in total costs, including $219,571.75 in attorney's fees. Heritage argued it was entitled to costs as the prevailing party (Code Civ. Proc., § 1032), and attorney's fees as the party prevailing on the contract (Civ. Code, § 1717).

The City also sought costs and attorney's fees. The City argued that since the jury award of $48,000 was less than its offer of $65,000, Heritage had failed to obtain a more favorable judgment under Code of Civil Procedure section 998. As such, the City sought to be characterized as the "prevailing party" for all purposes, including an award of contractual attorney's fees.

The motions were heard on December 10, 1996. The trial court concluded that Heritage's right to attorney's fees was a private contractual right, and therefore awarded Heritage the full amount of its attorney's fees. However, the trial court also concluded that Heritage had failed to obtain a more favorable judgment than the City's Code of Civil Procedure section 998 offer. Therefore, Heritage was denied all costs other than attorney's fees, and the City was awarded its costs, including expert witness costs.

On July 15, 1997, an amended judgment was filed, incorporating the rulings on the costs and attorney's fee motions. Heritage was awarded $48,000 on the verdict and $219,571.75 in attorney's fees, while the City was awarded costs in the amount of $106,787.55.

Heritage filed a timely notice of appeal and the City filed a timely notice of cross-appeal.[2]

---

[2]Although the City was awarded its costs on December 10, 1996, it was ordered to submit a revised cost bill due to errors in the bill originally submitted. Heritage originally filed its notice of appeal after the December 10 ruling, and the City then filed its notice of appeal. There was some delay in obtaining an amended judgment incorporating the final cost award. The amended judgment was entered on July 15, 1997, and Heritage and the City then filed notices of appeal from the amended judgment. On March 24, 1998, we consolidated the two appeals.

## DISCUSSION

### I. *Appeal From the Judgment\**

. . . . . . . . . . . . . . . . . . . . . . . .

### II. *Code of Civil Procedure Section 998*

Code of Civil Procedure section 998 is a cost-shifting statute which encourages the settlement of actions, by penalizing parties who fail to accept reasonable pretrial settlement offers. A plaintiff who refuses a reasonable pretrial settlement offer and subsequently fails to obtain a "more favorable judgment" is penalized by a loss of prevailing party costs and an award of costs in the defendant's favor.

Code of Civil Procedure section 998 has been the subject of repeated amendment by the Legislature, most recently in 1997. In this case, we first address whether the 1997 amendment to Code of Civil Procedure section 998 applies to cases pending on appeal at the time of its effective date. We conclude that it does.

Statutes increasing or decreasing litigation costs, even if silent on the issue of retroactivity, have consistently been applied to cases pending when they become effective. (*Mir* v. *Charter Suburban Hospital* (1994) 27 Cal.App.4th 1471, 1478-1479 [33 Cal.Rptr.2d 243]; *Harbor View Hills Community Assn.* v. *Torley* (1992) 5 Cal.App.4th 343, 347 [7 Cal.Rptr.2d 96]; *Coast Bank* v. *Holmes* (1971) 19 Cal.App.3d 581, 594-596 [97 Cal.Rptr. 30].) This rule applies even when the statutory scheme is revised while the case is pending on appeal. (*Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917, 925 [154 Cal.Rptr. 503, 593 P.2d 200]; *Harbor View Hills Community Assn.* v. *Torley, supra,* 5 Cal.App.4th at p. 349; *Bank of Idaho* v. *Pine Avenue Associates* (1982) 137 Cal.App.3d 5, 12 [186 Cal.Rptr. 695].) Therefore, we apply the current version of Code of Civil Procedure section 998 to this case, which was pending on appeal when the 1997 amendment took effect.[4]

We next address the role of costs and attorney's fees in determining whether a more favorable judgment has been obtained by a plaintiff. A brief

---

*See footnote, *ante,* page 1435.

[4] In a footnote in *Bodell Construction Co.* v. *Trustees of Cal. State University* (1998) 62 Cal.App.4th 1508, 1511, footnote 1 [73 Cal.Rptr.2d 450], the Fourth Appellate District, Division One in dicta reached a contrary conclusion without analysis. In light of the authority discussed above, we disagree with *Bodell* on this point.

history of Code of Civil Procedure section 998 is instructive. Prior to its 1994 amendment, Code of Civil Procedure section 998, subdivision (c) provided, in pertinent part: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his or her costs and shall pay the defendant's costs from the time of the offer. In addition, . . . the court, in its discretion, may require the plaintiff to pay the defendant's costs from the date of filing of the complaint and a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the defendant." (Stats. 1987, ch. 1080, § 8, p. 3655.)

Prior to 1994, Code of Civil Procedure section 998 provided no guidance as to the meaning of the phrase "more favorable judgment." Appellate courts, however, concluded that, in determining whether a plaintiff had obtained a judgment more favorable than the offer, a defendant's offer which included costs was to be compared with the judgment the plaintiff received *supplemented* by the plaintiff's preoffer costs. (*Rose* v. *Hertz Corp.* (1985) 168 Cal.App.3d Supp. 6, 11 [214 Cal.Rptr. 795]; *Shain* v. *City of Albany* (1980) 106 Cal.App.3d 294, 299 [165 Cal.Rptr. 69].) The rationale was simple: A defendant's offer of a lump sum "including costs" is to compensate the plaintiff both for the underlying wrong and for the costs incurred to the date of the offer. Thus, this amount is to be compared to the amounts eventually awarded for both the underlying wrong and the preoffer costs.

In 1989, a question arose concerning the inclusion of attorney's fees as costs in determining whether the plaintiff had obtained a more favorable judgment. In *Encinitas Plaza Real* v. *Knight* (1989) 209 Cal.App.3d 996 [257 Cal.Rptr. 646], the plaintiff's verdict was substantially lower than the defendant's statutory offer. However, the plaintiff had been awarded contractual attorney's fees under Civil Code section 1717. The Court of Appeal concluded that the contractual attorney's fees constituted special damages under the contract, rather than costs. Therefore, in considering whether the judgment exceeded the defendant's offer, the full amount of attorney's fees as opposed to only preoffer attorney's fees, was to be added to the judgment. (209 Cal.App.3d at pp. 1000-1003.)

In 1994, the Legislature amended Code of Civil Procedure section 998, subdivision (c) to abrogate the holding of *Encinitas*. (*Bodell Construction Co.* v. *Trustees of Cal. State University, supra,* 62 Cal.App.4th at p. 1524.) The 1994 amendment added the following sentence to section 998, subdivision (c): "For purposes of this section, a plaintiff in a cause of action not based on

tort shall not be deemed to have obtained a more favorable judgment unless the judgment obtained by the plaintiff, exclusive of attorney's fees and costs, exceeds the offer made by the defendant pursuant to this section."[5] (Stats. 1994, ch. 332, § 1.) This language not only abrogated *Encinitas*, but appeared to undermine the entire line of authority which had held a plaintiff's preoffer costs were to be added to the judgment in determining whether a more favorable judgment had been obtained.

In 1997, subdivision (c) of Code of Civil Procedure section 998 was again amended. The language of the 1994 amendment was removed and replaced with language providing that postoffer costs are to be excluded in determining whether the plaintiff obtains a more favorable judgment. Further, the amendment expressly indicated that attorney's fees were to be considered as costs. As amended, the relevant provisions read:

"(2)(A) In determining whether the plaintiff obtains a more favorable judgment, the court or arbitrator shall exclude the postoffer costs.

"(B) It is the intent of the Legislature in enacting subparagraph (A) to supersede the holding in *Encinitas Plaza Real* v. *Knight* [(1989)] 209 Cal.App.3d 996 [257 Cal.Rptr. 646], that attorney's fees awarded to the prevailing party were not costs for purposes of this section but were part of the judgment."

Legislative history indicates this amendment was proposed because the 1994 amendment had "created much confusion, and . . . this new reformulation would avoid the injustices of the former law without the complexity of current law." (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 73 (1997-1998 Reg. Sess.) as amended May 1, 1997.)

Read in context, the 1997 amendment of Code of Civil Procedure section 998 specifically abrogated *Encinitas* on the issue of whether attorney's fees are to be considered costs, and otherwise returned the "more favorable judgment" determination to its pre-*Encinitas* formulation: When the defendant's offer includes costs, it is to be compared with the plaintiff's judgment plus preoffer costs including attorney's fees. Indeed, even after *Encinitas*, this test has been consistently applied in cases not involving attorney's fees

---

[5]The restriction to contract actions was added out of an apparent concern that the amendment could otherwise be read to require the trial court to *deduct* a successful plaintiff's contingent attorney's fee from the judgment before comparing the award to a defendant's Code of Civil Procedure section 998 offer. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1324 (1993-1994 Reg. Sess.) as amended May 3, 1994.)

for contract actions. (*Adam* v. *DeCharon* (1995) 31 Cal.App.4th 708, 711-713 [37 Cal.Rptr.2d 195] [contractual attorney's fees for a tort cause of action]; *Kelly* v. *Yee* (1989) 213 Cal.App.3d 336, 342 [261 Cal.Rptr. 568] [statutory attorney's fees].)

Here, the City made a Code of Civil Procedure section 998 settlement offer of $65,000 including costs, which in turn included attorney's fees. Heritage was awarded $48,000 by the jury. Heritage was also entitled to contractual attorney's fees, including more than $100,000 in preoffer fees. Therefore, the judgment in favor of Heritage, including preoffer costs and attorney's fees, exceeded the City's offer. Heritage thus obtained a more favorable judgment than the City's offer, and the punitive provisions of Code of Civil Procedure section 998, subdivision (c) did not apply.

This determination resolves all remaining issues in these appeals. The trial court's denial of costs to Heritage and award of costs to the City was based on its determination that Heritage did not obtain a judgment more favorable than the City's offer, and must therefore be reversed. In its appeal, the City contends it is the prevailing party under Civil Code section 1717 *because* its Code of Civil Procedure section 998 offer exceeded Heritage's judgment. Regardless of the merits of this argument, its premise no longer applies. Heritage obtained a judgment more favorable than the City's offer.

## DISPOSITION

The cost award is reversed. The trial court is ordered to award costs to Heritage. The case is remanded for a determination of the amount of costs to be awarded Heritage as the prevailing party under Code of Civil Procedure section 1032. In all other respects, the judgment is affirmed. The parties are to bear their own costs and attorney's fees on appeal.

Armstrong, J., and Godoy Perez, J., concurred.

The petition of defendants and appellants for review by the Supreme Court was denied November 4, 1998.