DOE & ASSOCIATES LAW OFFICES,
Plaintiff–Appellant,

v.

Janet NAPOLITANO, Attorney General of the State of Arizona; Ronald S. Reinstein, Honorable Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Defendants–Appellees.

Nos. 99–15797 99–17464

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted, Oct. 5, 2000

Opinion Filed April 23, 2001

Order Filed June 6, 2001

Mark I. Harrison, Bryan Cave LLP, Phoenix, Arizona, for the plaintiff-appellant.

Randall M. Howe, Assistant Attorney General, Office of The Attorney General, Phoenix, Arizona, for the defendants-appellees.

Before: SNEED, SCHROEDER and PAEZ, Circuit Judges.

## ORDER AND OPINION

SCHROEDER, Circuit Judge:

### ORDER

The plaintiff-appellant's amended emergency motion to seal and depublish opinion filed April 23, 2001, is GRANTED IN PART. It is ordered that the opinion is-

sued on April 23, 2001, is removed from publication. The attached opinion is published in its stead. The Clerk's office shall modify the docket.

The plaintiff-appellant's emergency motion to seal and depublish opinion is otherwise DENIED.

It is so ordered.

### OPINION

The law firm of Doe & Associates[1] appeals from the district court's denial of jurisdiction over Doe's constitutional challenge to a state grand jury subpoena duces tecum that Doe contends compelled the disclosure of confidential client information. The firm had unsuccessfully challenged the subpoena through the state appellate courts. The district court denied jurisdiction under the *Rooker–Feldman* doctrine, which precludes federal court review of state court judgments other than review by the Supreme Court on certiorari, since the state court had considered and rejected the firm's constitutional arguments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). We affirm.

### BACKGROUND

Doe & Associates Law Offices is a law firm based in Phoenix, Arizona. In 1997 and 1998, the firm limited its practice to domestic relations law. In November 1998, the Attorney General of the State of Arizona, Grant Woods,[2] demanded by a grand jury subpoena duces tecum that Doe produce billing records including names, addresses and telephone numbers for all of

---

1. Plaintiff-appellant filed this appeal under seal, and we have granted its motion to substitute "Doe & Associates Law Offices" for its actual name.

2. Defendant Janet Napolitano replaced Grant Woods as Arizona Attorney General in January 1999.

its clients between October 1, 1997 and June 30, 1998. The subpoena excluded records of clients who paid for services through a flat fee set and paid in full in advance. The firm believes that the Attorney General sought these materials to investigate its billing practices.

Doe agreed to provide the names, addresses, and telephone numbers of the 1,200 clients for whom representation by the firm was a matter of public record. With respect to contact information for its approximately 200 confidential, non-public clients, the firm moved to quash, or in the alternative to limit the subpoena and the Attorney General's ex parte contact with clients.

Doe first moved to quash the subpoena in the Maricopa County Superior Court on the ground that compliance with the subpoena would require Doe to violate Arizona Ethical Rules 1.6(a)[3] and 4.2.[4] On January 4, 1999, the court denied Doe's motion, allowing the Attorney General to proceed under "internal protective measures" to be used by the Attorney General to "protect the clients' privacy interests."

The non-final and interlocutory character of the court's order prevented Doe from filing an appeal and limited the firm to applying for extraordinary relief. The Arizona Court of Appeals summarily declined to hear the merits, and the Arizona Supreme Court declined to hear Doe's petition for review of the Court of Appeals' denial. Neither court issued an opinion. The Arizona Supreme Court dissolved the stay which had prevented the Attorney General from enforcing the subpoena.

Doe filed suit in federal district court on March 31, 1999, alleging that the issuance and enforcement of the subpoena violated the firm's clients' constitutional right to privacy in domestic relations cases and the Fourth Amendment right to be free from unreasonable searches and seizures. Doe also alleged that the Attorney General's actions may have threatened its clients' Fifth Amendment right against self-incrimination and Sixth Amendment right to the assistance of counsel. Doe sought declaratory relief as well as injunctive relief preventing the defendants from enforcing the subpoena or engaging in ex parte contact with the firm's current clients.

On April 20, 1999, the district court denied Doe's motion for a temporary restraining order and for a preliminary injunction. The court stated that it lacked jurisdiction under the *Rooker–Feldman* doctrine and, alternatively, that it must abstain under the *Younger* doctrine. *See Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Doe then advanced its constitutional arguments in the state trial court. On June 4, 1999, the Maricopa County Superior Court denied Doe's renewed motion to quash. Both the Arizona Court of Appeals and the Arizona Supreme Court denied jurisdiction to entertain Doe's applications for review of this order. Doe complied with the state court's order, presumably

---

3. Ethical Rule 1.6(a) provides:
   Confidentiality of Information
   (a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation. . . .

4. Ethical Rule 4.2 provides:

Communication with Person Represented by Counsel
In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

producing all of the requested billing records.

■ On October 7, 1999, the district court dismissed the entire action for lack of jurisdiction under the *Rooker–Feldman* doctrine and, alternatively, abstained under the *Younger* doctrine. Doe now appeals both the district court's denial of a preliminary injunction and the district court's dismissal. Because the dismissal renders Doe's appeal from the district court's denial of preliminary injunctive relief moot, we address only the appeal from the district court's dismissal of the action. At this point, Doe seeks injunctive and declaratory relief ordering that (1) the Attorney General make no use of the list of confidential clients, (2) the Attorney General return the list to Doe, (3) the Attorney General identify all uses made of the list by the Attorney General, and (4) the Attorney General exclude from future use in her investigation both the list and all "fruits" from that list. The dispositive issue before us is whether the district court properly refused to consider the merits of this case on the ground that such consideration would require reversal of the state court's denial of the interlocutory motion to quash.

## DISCUSSION

■ Doe's federal suit challenges the correctness under federal law of the state court's order refusing to quash the subpoena. As courts of original jurisdiction, however, federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings. *Branson v. Nott,* 62 F.3d 287, 291 (9th Cir. 1995); *D.C. Ct. of App. v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (holding that district court lacked jurisdiction over challenge to District of Columbia court's denial of petitions for waiver from bar admission requirements). Only the U.S. Supreme Court has

jurisdiction to engage in such review. 28 U.S.C. § 1257; *Feldman,* 460 U.S. at 482, 103 S.Ct. 1303. We have held that this doctrine applies even where the challenge to the state court decision involves federal constitutional issues. *Worldwide Church of God v. McNair,* 805 F.2d 888, 891 (9th Cir.1986).

■ Federal district courts do have jurisdiction over a "general constitutional challenge," i.e. one that does not require review of a final state court decision in a particular case. *Dubinka v. Judges of the Superior Court,* 23 F.3d 218, 221 (9th Cir. 1994) (citations omitted); *Feldman,* 460 U.S. at 487, 103 S.Ct. 1303 (noting that district court had jurisdiction over general attacks on the constitutionality of bar admission requirements). "This distinction between a permissible general constitutional challenge and an impermissible appeal of a state court determination may be subtle, and difficult to make." *Worldwide Church of God,* 805 F.2d at 891. To draw this distinction we ask whether the district court is "in essence being called upon to review the state court decision." *Feldman,* 460 U.S. at 482 n. 16, 103 S.Ct. 1303. If the federal constitutional claims presented to the district court are "inextricably intertwined" with the state court's judgment, then Doe is essentially asking the district court to review the state court's decision, which the district court may not do. *Id.*

■ At the time the district court dismissed this action for lack of jurisdiction, the state court had considered and rejected Doe's constitutional arguments. We have explained that "[i]f consideration and decision have been accomplished, action in federal court is an impermissible appeal from the state court decision." *Worldwide Church of God,* 805 F.2d at 892, *quoting Robinson v. Ariyoshi,* 753 F.2d 1468, 1472 (9th Cir.1985) (citations omitted), *vacated*

*on other grounds,* 477 U.S. 902, 106 S.Ct. 3269, 91 L.Ed.2d 560 (1986). Moreover, the district court could not have found in favor of Doe on the constitutional claims without holding that the state court had erred in denying Doe's renewed motion to quash. Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined. *Parkview Assocs. P'ship v. City of Lebanon,* 225 F.3d 321, 325 (3d Cir.2000); *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir.1995). Doe's federal constitutional claims were for that reason inextricably intertwined with the state court decision. The district court properly dismissed this action under *Rooker–Feldman.*

 Doe nevertheless argues that *Rooker–Feldman* should not operate to deny jurisdiction here because the state court's denial of the motion to quash was an interlocutory order, rather than a final judgment "rendered by the highest court of a State" that may be reviewed by the Supreme Court by writ of certiorari. *See* 28 U.S.C. § 1257. But the *Rooker–Feldman* doctrine is not premised on the availability of Supreme Court review of the state court decision. *See Worldwide Church of God,* 805 F.2d at 893 n. 3 ("[T]he *Feldman* doctrine should apply to state judgments even though state court appeals are not final."). The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are "in essence being called upon to review the state court decision." *Feldman,* 460 U.S. at 482 n. 16, 103 S.Ct. 1303. In holding that *Rooker–Feldman* bars review of interlocu-

tory state court decisions by the lower federal courts, the D.C. Circuit wrote: "We cannot imagine how one could reconcile *Feldman*'s reasoning, based as it is on allowing state courts to arrive at decisions free from collateral federal attack, with the idea that the district court would be free to review [the state court decision] so long as the decision was interlocutory." *Richardson v. D.C. Ct. of App.,* 83 F.3d 1513, 1515 (D.C.Cir.1996). We agree.

Under *Rooker–Feldman,* the district court lacked jurisdiction to review the state court's ruling. Because the district court lacked jurisdiction, *Younger* abstention does not apply.

The district court's judgment dismissing for lack of subject matter jurisdiction is AFFIRMED.