Vicki M. ROBERTS, Plaintiff–Appellant,

v.

LOS ANGELES CITY FIRE DEPARTMENT, City of Los Angeles, Los Angeles District Attorney's Office, County of Los Angeles, James H. Thornton, Michael J. Cabral, Gil Garcetti, Defendant–Appellees.

No. 00–55591.

D.C. No. CV–99–12551 DDP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2001.

Decided Feb. 22, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before B. FLETCHER, D. NELSON, and McKEOWN, Circuit Judges.

### MEMORANDUM *

Attorney Vicky Roberts appeals the district court's dismissal of her claim for lack of subject matter jurisdiction. Because Ms. Roberts sought a declaration that a state superior court had erred in myriad ways, the district court concluded that the dictates of the *Rooker–Feldman* doctrine denied it jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

In December 1998, the Los Angeles Fire Department Arson Investigator submitted a 32–page affidavit in support of a warrant to search Ms. Roberts' residence. After the warrant's exercise, Ms. Roberts requested a hearing in California Superior Court to challenge its validity pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).[1] Specifically, Ms. Roberts alleged that the warrant issued based on an affidavit containing false and misleading statements.

Following a *Franks* hearing, Los Angeles Superior Court Judge William R. Pounders found that the warrant issued based on probable cause. Ms. Roberts petitioned the Court of Appeal for a writ of mandate or prohibition to reverse Judge Pounders' decision. Ms. Roberts' petitions included allegations that Judge Pounders exhibited bias and, as a result, that he conducted the *Franks* hearing improperly in a number of ways. The California Court of Appeal and California Supreme Court both denied the petitions without written opinions on April 16, 1999 and May 19, 1999, respectively.

Ms. Roberts filed suit under 42 U.S.C. § 1983 and the Fourth and Fourteenth

---

1. *Franks v. Delaware* provides that, under certain circumstances, a defendant may obtain a hearing to determine whether deliberately or recklessly false information in a supporting affidavit underpinned issuance of a search warrant. To establish entitlement to a *Franks* hearing, a defendant must make a substantial preliminary showing that: (1) the affiant made a deliberately false statement or demonstrated reckless disregard for the truth; and (2) the challenged statement(s) or omission(s) were essential to a finding of probable cause. *Franks*, 438 U.S. at 171–172, 98 S.Ct. 2674.

Amendments in federal district court in the Central District of California. In her complaint, she relates the details of the allegedly false affidavit that precipitated the search of her home. She argues that she was denied a full and fair hearing for a variety of reasons. Ms. Roberts argues that, but for the flaws she alleges, the *Franks* hearing "would have resulted in a finding of lack of probable cause for the issuance of the search warrant and a suppression and return to plaintiff of all materials seized."

The district court dismissed the case for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. The existence of subject matter jurisdiction is a question of law we review de novo. *Harden v. Roadway Package Sys., Inc.*, 249 F.3d 1137, 1140 (9th Cir.2001).

The *Rooker–Feldman* doctrine prohibits lower federal courts from reviewing final decisions of state courts. *Johnson v. De Grandy*, 512 U.S. 997, 1005–1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). A losing party in a state action may not seek to vindicate any alleged violation of federal constitutional rights that were "inextricably intertwined" with the state court proceedings. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). If the federal district court may only grant Ms. Roberts the declaratory and injunctive relief she seeks by determining that the *Franks* hearing was flawed, the judge was biased, and there was not probable cause to support the search warrant, it may not exercise subject matter jurisdiction over the case.

Ms. Roberts' complaint aims at the heart of the state court proceeding. In her federal complaint, Ms. Roberts demands injunctive relief based on unreasonable search and seizure. She contends, among other things, that "all rulings of the state court should be vacated. Further ... this entire investigative team is tainted and plaintiff seeks injunctive relief so ordering the removal of the entire team from the investigation."

Ms. Roberts' request for declaratory relief seeks to disembowel her entire state court proceeding and all decisions and ramifications flowing therefrom. Specifically, Ms. Roberts demands:

a judicial declaration finding that the affidavit in support of the search warrant against plaintiff's residence was false, made in reckless disregard for the truth, and perjurious, and did not support the probable cause required for the issuance of said warrant, that the state court failed to conduct a full and fair hearing in connection with determining probable cause and the crime/fraud exception, that the state court was biased against her which deprived her of a full and fair hearing, and that the state court completely and inadequately failed to follow the law with respect to mandatory procedure concerning the handling of privileged materials as well as materials that exceeded the scope of the warrant and that the state court acted extrajudicially in releasing the seized materials once the Statement of Disqualification [against the state court judge] was filed.

Ms. Roberts makes exactly the kinds of "inextricably intertwined" claims that *Rooker–Feldman* prohibits.

She also contends that, because her request for writs of mandate or prohibition were summarily denied without comment by both the California Court of Appeal and the California Supreme Court, she has been denied a hearing to which she is entitled. Here again she is wrong.

Our recent decision in *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026

(9th Cir.2001) is dispositive. In *Doe & Associates*, the federal district court denied jurisdiction over Doe's constitutional challenge to a state grand jury subpoena duces tecum apparently issued as part of an Attorney General review of his law firm's billing practices. *Id.* at 1027–1028. Just as Ms. Roberts contends with respect to the materials seized from her home, Doe argued the subpoena would compel disclosure of confidential client information. The state Superior Court denied Doe's motion to quash part of the subpoena; because the order was non-final and interlocutory—like that issued by the Superior Court against Ms. Roberts—Doe had to pursue relief through an extraordinary writ. As in Ms. Roberts' case, the Arizona Court of Appeals declined to hear the petition on its merits, and the Arizona Supreme Court declined to entertain the petition for review. Neither issued an opinion. After striking out in the state courts, Doe filed a federal claim, alleging Fourth Amendment violations and deprivation of his clients' constitutional privacy rights. Like Roberts, he sought declaratory and injunctive relief to prevent enforcement of the subpoena. We held that we lacked jurisdiction to hear Doe's claim. Considering whether the claims were "inextricably intertwined" within the meaning of *Rooker–Feldman*, we observed that:

> the district court could not have found in favor of Doe on the constitutional claims without holding that the state court had erred in denying Doe's renewed motion to quash. Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined.

*Id.* at 1030.

Both procedurally and substantively Ms. Roberts' case is virtually indistinguishable from *Doe & Associates*. It is clear from the face of her complaint that she could not have the relief she seeks unless the district court expressly held that the state court was wrong in a wide assortment of ways pertaining to her *Franks* hearing. This is exactly the kind of claim *Rooker–Feldman* will not tolerate.

AFFIRMED.