* This panel unanimously finds this case suitable for decision without oral argument. *See*

Jacquelyn FINNEY, Plaintiff—
Appellant,

v.

Thomas P. NUGENT, Judge of the San Diego Superior Court; et al.,
Defendants—Appellees.

No. 04–55769.

D.C. No. CV–04–00148–MJL.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Jan. 13, 2005.

Jacquelyn Finney, Encinitas, CA, pro se.

Fed. R.App. P. 34(a)(2).

**764**

Arlene Prater, Best, Best & Krieger, San Diego, CA, for Defendants–Appellees.

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

## MEMORANDUM[**]

Appellant Jacquelyn Finney appeals the district court's decision dismissing her action based on the *Rooker–Feldman* doctrine, Eleventh Amendment immunity, and judicial immunity. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Rule of Civil Procedure 12(b)(6). *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir.2002) (per curiam), *cert. denied,* 538 U.S. 921, 123 S.Ct. 1570, 155 L.Ed.2d 311 (2003). We affirm.

The *Rooker–Feldman* doctrine provides that a federal district court may only exercise original jurisdiction, and thus may not exercise appellate jurisdiction over state court decisions. *Doe & Associates Law Offices v. Napolitano,* 252 F.3d 1026, 1029 (9th Cir.2001). Ms. Finney argues that the district court did not properly apply *Rooker–Feldman* because her claim is an "arising under" federal claim under the ADA. The relief she requests, however, clearly indicates that the federal district court could not hear her claim without passing on the merits of the state court's decision. Ms. Finney requests that the federal district court "assume jurisdiction over this action" and order Judge Nugent to rule in her favor regarding the protective order.

This case is controlled by *Bianchi v. Rylaarsdam,* 334 F.3d 895 (9th Cir.2003). In *Bianchi,* we explained that

[i]f claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Id.* at 898. In this case, Ms. Finney has asked the federal district court to review the state court's denial in a judicial proceeding by asking the federal district court to assume jurisdiction of her lawsuit, reverse the state court judge's rulings on her protective order, and afford her the same individual remedy she was denied in state court. The district court properly dismissed Ms. Finney's claim under the *Rooker–Feldman* doctrine because Ms. Finney seeks to overturn the state court's denial of her request for accommodation and imposition of mandatory sanctions.

**AFFIRMED.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.