Jeffrey G. **HARDEN,** Plaintiff–
Appellant,

v.

**ROADWAY PACKAGE SYSTEMS,
INC.,** Defendant–Appellee.

No. 98–55331.

United States Court of Appeals,
Ninth Circuit.

Argued Oct. 7, 1999

Submitted May 22, 2001

Filed May 22, 2001

Robert C. Proctor, Jr., Sierra Madre, California, for the plaintiff-appellant.

Arthur F. Silbergeld, Proskauer Rose LLP, Los Angeles, California, for the defendant-appellee.

Before: B. FLETCHER, D.W. NELSON, and BRUNETTI, Circuit Judges.

D.W. NELSON, Circuit Judge:

Jeffrey G. Harden appeals the district court's order compelling arbitration. Roadway Package Systems, Inc. ("RPS") sought summary judgment or in the alternative mutually binding arbitration of Harden's claims under the California Fair Employment and Housing Act ("FEHA"). The principal issue in this case is whether the district court erred in compelling arbitration. We conclude that the Federal Arbitration Act ("FAA") does not apply to this case, and, since the motion to compel arbitration was not based on state law, the district court lacked the authority to compel arbitration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 12, 1990, Harden signed a contract to begin working as a driver for RPS. On December 6, 1995, Harden signed a new, sixty-six page contract to engage in "providing a small package information, transportation and delivery service throughout the United States, with con-necting international service." Two weeks before signing the agreement, Harden and the other drivers were told that they could not continue working for RPS without signing the new contract. The new contract contained a provision, Section 12.3, which compels "arbitration of asserted wrongful termination." Section 12.3(a) requires written notice of a demand for arbitration within ninety days of the termination. Furthermore, Section 12.3(d) states:

> As to any dispute or controversy which under the terms hereof is made subject to arbitration, no suit at law or in equity based on such dispute or controversy shall be instituted by either party hereto, other than a suit to confirm, enforce, vacate, modify or correct the award of the arbitrator as provided by law....

On April 19, 1996, RPS terminated Harden's employment. Five days later, he filed charges of unfair labor practices with the National Labor Relations Board. On September 30, 1996, Harden, a California resident and African–American male, filed a complaint alleging racial discrimination with the California Fair Employment and Housing Agency. Harden received a right to sue letter on May 29, 1997. Soon thereafter, Harden filed a lawsuit against RPS, a Delaware corporation, in California Superior Court. Harden claimed (1) racial employment discrimination, (2) wrongful termination for union interest, and (3) wrongful termination for no good cause. On July 3, 1997, RPS removed the case to federal district court pursuant to 28 U.S.C. §§ 1331, 1332(a).

On December 15, 1997, RPS filed a motion for summary judgment or to compel arbitration. In support of its motion to compel arbitration, RPS relied almost exclusively on Supreme Court and Ninth Circuit precedents enforcing contractual provisions that compel arbitration under the FAA. *See, e.g., Gilmer v. Interstate/John-*

*son Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (compelling arbitration of a Age Discrimination in Employment Act (ADEA) claim); *Prudential Ins. Co. v. Lai,* 42 F.3d 1299, 1303 n. 1 (recognizing that the FAA applied to state as well as federal discrimination claims); *Mago v. Shearson Lehman Hutton, Inc.,* 956 F.2d 932 (9th Cir.1992) (compelling arbitration of a Title VII claim). In fact, the motion cited only one California case, *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street,* 35 Cal.3d 312, 322, 197 Cal.Rptr. 581, 673 P.2d 251 (Cal.1983), which relied on a U.S. Supreme Court precedent highlighting the importance of resolving issues in favor of arbitration. RPS's motion, however, never cited the California Arbitration Act or state law precedents enforcing this act.

Two weeks later, the district court granted RPS's motion for summary judgment with respect to Harden's second claim because it was precluded by the National Labor Relations Act. The district court also granted RPS's motion to compel arbitration with respect to Harden's first and third claims. In compelling arbitration of the remaining FEHA claims, the district court issued a one-sentence order that referred to neither federal nor state law. Harden timely appeals the order compelling arbitration.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

▉ We review de novo the district court's order compelling arbitration. *See Quackenbush v. Allstate Ins. Co.,* 121 F.3d 1372, 1380 (9th Cir.1997). The existence of subject matter jurisdiction is a question of law reviewed de novo. *See Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1153 (9th Cir.1998).

### B. *JURISDICTION*

▉ The district court had subject matter jurisdiction because of diversity of citizenship. *See* 28 U.S.C. § 1332. The district court's order precluding one of the appellant's claims and compelling arbitration in the others dismissed the case. Therefore, we have subject matter jurisdiction over this case pursuant to the final judgment rule. *See* 28 U.S.C. § 1291.[1]

### C. *THE APPLICABILITY OF THE FAA*

▉ The district court lacked the authority to compel arbitration in this case because the FAA is inapplicable to drivers, like Harden, who are engaged in interstate commerce. Section 1 of the FAA says: "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. The Supreme Court recently affirmed that § 1 exempts transportation workers from the FAA. *See Circuit City Stores, Inc. v. Adams,* —— U.S. ——, ——, 121 S.Ct. 1302, 1311, 149 L.Ed.2d 234, —— (2001). As a delivery driver for RPS, Harden contracted to deliver packages "throughout the United States, with connecting international service." Thus, he engaged in interstate commerce that is exempt from the FAA.

▉ RPS argues that § 1 of the FAA is not fatal to its case because the motion to compel was based on state law. However, RPS's position is factually incorrect.[2] In

---

1. We do not have to consider whether the motion to compel arbitration was "embedded" in a substantive lawsuit, *see McCarthy v. Providential Corp.,* 122 F.3d 1242, 1244 (9th Cir.1997), and therefore not final and appealable. *McCarthy* relies primarily on the statutory language of the FAA, which we find is not applicable to this case. *See infra* Section II.C. Therefore, the analysis in *McCarthy* is inapplicable to this case as well.

2. RPS insisted at oral argument that it never relied on the FAA to compel arbitration. In its brief before this court, however, RPS

support of its motion to compel arbitration, RPS relied almost exclusively on federal cases that support the enforcement of the FAA. Furthermore, RPS never cited the California Arbitration Act or any California cases supporting the enforcement of the state statutory equivalent of the FAA. Given the district court's one-sentence order compelling arbitration and RPS's exclusive reliance on the FAA and federal case law, we conclude that the motion to compel arbitration was based on the FAA.

■ RPS also argues that Harden was an independent contractor, and therefore (1) his FEHA claims are invalid and (2) section 1 of the FAA does not apply to this case because no employment contract exists. RPS, however, raised this argument for the first time on appeal. In the factual background section of its summary judgment motion, RPS declared, "Harden was an independent contractor under the specific language of the Agreement." This statement, however, was not made in conjunction with any legal arguments to which Harden could respond. Nor did the district court make any factual findings on this issue.

■ Generally, we will not consider arguments made for the first time on appeal, although we have the power to do so. *See Bolker v. Commissioner of Internal Revenue,* 760 F.2d 1039, 1042 (9th Cir.1985). There are three exceptions: (1) "to prevent a miscarriage of justice"; (2) "a new issue arises while appeal is pending because of a change in the law"; and (3) "when the issue presented is purely one of law and either does not depend on the factual record developed below, or the per-

tinent record has been fully developed". *Id.*

We find that none of *Bolker*'s exceptions applies to this case. The issue of whether Harden is an independent contractor is not purely one of law. This is a highly factual question in which the NLRB had found that RPS workers such as Harden not to be independent contractors. There was no change in the law while the appeal was pending because, despite our holding in *Craft v. Campbell Soup Co.,* 177 F.3d 1083 (9th Cir.1998), *overruled by Circuit City Stores, Inc. v. Adams,* —— U.S. ——, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001), section 1 of the FAA always exempted workers in interstate commerce from compulsory arbitration. Finally, declining to hear this argument will not result in a miscarriage of justice. Thus, we find that RPS waived its argument that Harden is an independent contractor.

### D. *UNCONSCIONABILITY*

We also decline to address Harden's argument that the arbitration agreement is unconscionable. Although this is a diversity case in which state law controls, we do not have to address California's law on unconscionability given the inapplicability of the FAA under § 1.[3] Furthermore, California law on arbitration is not controlling because neither RPS nor the district court relied on California arbitration law in compelling arbitration. It is clear that both RPS and the district court relied on the FAA. Since the FAA is inapplicable to this case, the district court lacked the substantive legal authority to compel arbitration.

claimed that this court had jurisdiction over the case based on 9 U.S.C § 16(a)(3) of the FAA. Furthermore, RPS's briefs never cited the California Arbitration Act.

**3.** We note that if RPS were to pursue arbitration based on California law, the California

Supreme Court's recent decision in *Armendariz v. Foundation Health Psychcare Svcs., Inc.,* 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000) (finding an arbitration agreement unconscionable because it compelled arbitration of FEHA claims without affording full range of statutory remedies), would apply.

Therefore, the district court's order compelling arbitration is reversed, and this case is remanded for trial on the remaining FEHA claims.

**REVERSED and REMANDED.**