Richard William **TURNER**, Plaintiff–Appellant,

v.

**COUNTY OF LOS ANGELES**, Erroneously Sued as Los Angeles County Board of Supervisors, a political subdivision of the State of California; Sean Ruiz, Deputy; Sherman Block, Sheriff; Goodhew Ambulance Service, Inc., Cedars–Sinai Emergency Room; Jan Dauer, Dr., Cedars–Sinai Medical Center; Dominick E. Calvo, Dr.; Kosta Stojanovich, Dr.; Cedars–Sinai Emergency Room, Defendants–Appellees.

No. 00–56738.

D.C. No. CV–97–05572–GHK–2.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2001.*

Decided Aug. 31, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.

### MEMORANDUM **

Richard William Turner appeals pro se from the district court's dismissal with prejudice of his complaint alleging that his Fourth and Fourteenth Amendment rights were violated when he was taken into custody, pursuant to California Welfare and Institutions Code § 5150, and transported by ambulance to Cedars-Sinai Medical Center for a 72-hour observation. The district court also dismissed Turner's related state law claims without prejudice. We reverse in part and affirm in part.

### I. Allegations in Count I Against Deputy Ruiz

In Count One of the complaint, Turner alleges that defendant Sean Ruiz violated his civil rights as guaranteed by the Fourth and Fourteenth Amendments. Turner relates that Deputy Ruiz pulled up behind Turner's car, handcuffed him, took him into custody over his verbal protests, and transported him to the Sheriff's Department.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

The federal rules require a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The rules also state that "[e]ach averment must be simple, concise and direct. No technical forms of pleading or motions are required." Fed.R.Civ.P. 8(e)(1). The allegation against Deputy Ruiz in Count One of Turner's complaint satisfies these requirements.

The Supreme Court has previously held that a pro se plaintiff who has had no formal legal training cannot be expected to use legal terminology to the same degree as a practicing attorney. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). At the heart of the District Court's dismissal of the complaint was Mr. Turner's failure to use the term "probable cause". The absence of these specific, legal words should not forestall Mr. Turner's access to the judicial system.

The question of probable cause is inherently raised by a violation of a person's Fourth Amendment right to be free from unreasonable search and seizure, as well as implementation of § 5150 of the California Welfare and Institution Code. *Maag v. Wessler,* 960 F.2d 773, 775 (9th Cir.1991). A police stop of a vehicle, even a temporary stop, is considered a "seizure" of "persons" within the meaning of the Fourth Amendment. *Whren v. United States,* 517 U.S. 806, 809–10, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (citing *Delaware v. Prouse,* 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979)). For an automobile stop to be constitutional, it must be reasonable under the circumstances. *Whren,* 517 U.S. at 810.

Turner alleges that he was stopped at a stop sign while signaling that he was going to turn left and waiting to proceed into the intersection. Generally, "the decision to stop an automobile is rea-sonable where the police have probable cause to believe that a traffic violation has occurred." *Id.* (citations omitted). The facts contained in Turner's complaint indicate that he was acting reasonably in way that should not have aroused a reasonable suspicion of criminal activity. *See United States v. Twilley,* 222 F.3d 1092, 1095 (9th Cir.2000). Nor does the described behavior indicate a basis for suspicion that Turner was a danger to himself or others, as required by § 5150. For purposes of a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See Burgert v. Lokelani Bernice Pauahi Bishop Trust,* 200 .F.3d 661, 663 (9th Cir.2000). Therefore, Turner's claim that Deputy Ruiz violated his Fourth Amendment rights should not have been dismissed.

## II. Remaining Defendants and Claims

The claims against the remaining defendants, however, were correctly dismissed for failure to state a claim.

We construe Turner's complaint against Sheriff Block as naming him in his individual capacity because the ability to sue a local governmental unit directly, as Turner did here, renders a suit in an officer's official capacity unnecessary. *See Mitchell v. Dupnik,* 75 F.3d 517, 527 (9th Cir.1996); *Soffer v. City of Costa Mesa,* 798 F.2d 361, 363 (9th Cir.1986). Any allegations against Sheriff Block in his individual capacity should have been dismissed because he is deceased. Fed.R.Civ.P. 25(a).

Furthermore, Turner's complaint lacks the necessary facts to give notice to defendants Laidlaw, Cedars–Sinai, Dauer, Calvo, and Stojanovich as to the nature of the allegations against them. These parties are mentioned in the section of the complaint describing the parties, but no

acts or omissions by them are described in the factual description of events. Even given the more generous pleading standards for pro se plaintiffs, Turner has failed to provide a minimum factual basis needed to provide notice to these defendants. *See Brazil v. U.S. Dep't of Navy,* 66 F.3d 193, 199 (9th Cir.1995).

▮ Turning to the claims against the County, a municipality can be liable under § 1983 only when an "action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Liability cannot be premised solely on the fact that a municipality employs a tortfeasor. *Id.* at 691; *Wallis v. Spencer,* 202 F.3d 1126, 1144 n. 16 (9th Cir.2000). Turner must provide facts sufficient to establish that the County had a policy, that the policy amounted to a deliberate indifference to his constitutional rights, and that the policy was the "moving force behind the constitutional violation." *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.,* 237 F.3d 1101, 1111 (9th Cir. 2001). Turner's complaint fails to establish sufficient facts to state a claim against the County. His factual allegations neglect any mention of the County. Even liberally construed, they cannot support a claim that a policy was the moving force behind any constitutional violation. Therefore, the claim against the County was correctly dismissed.

▮ In count three, Turner alleges that all of the defendants conspired to deprive him of his Fourth and Fourteenth Amendment rights. Because conspiracy requires proof of subjective intent, it is subject to a heightened pleading standard. *Branch v. Tunnell,* 937 F.2d 1382, 1386 (9th Cir.1991). Turner's complaint must include "nonconclusory allegations containing evidence of unlawful intent or face dismissal prior to the taking of any discovery." *Id.* Turner's second amended complaint, however, does not allege any facts that would support an inference of an agreement among any of the parties or a subjective intent to violate constitutional rights. He does not allege any actions at all by the parties. Thus, his conclusory allegations of a conspiracy under § 1983 were also correctly dismissed. *See Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir.1992).

▮ The district court also properly dismissed all allegations against unidentified "Doe" defendants. As a general rule, the use of Doe pleading is disfavored in federal court. *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir.1980). Because Turner has not shown that further discovery would uncover their identities, all allegations against the thirty unknown individuals were properly dismissed. *See Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir.1999).

▮ Moreover, the district court acted within its discretion in dismissing the state law claims against defendants Laidlaw and Cedars–Sinai without prejudice. We review a district court's refusal to exercise supplemental jurisdiction for an abuse of discretion. *San Pedro Hotel Co. Inc. v. City of Los Angeles,* 159 F.3d 470, 478 (9th Cir.1998). A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367. Because the district court properly dismissed the federal claims, it did not abuse its discretion in dismissing the pendent state law claims.

▮ The district court also did not err in declining to extend Turner the op-

portunity to further amend his complaint. Whether to grant leave to amend is generally within the discretion of the district court. *In re Daisy Sys. Corp.,* 97 F.3d 1171, 1175 (9th Cir.1996). This discretion is particularly broad where the plaintiff has previously filed an amended complaint. *Sisseton–Wahpeton Sioux Tribe v. United States,* 90 F.3d 351, 355 (9th Cir.1996). Given the district court's allowance of an opportunity for Turner to amend his complaint a second time with instructions on how to cure the complaint's deficiencies, the court did not abuse its discretion in denying the second amended complaint with prejudice and without leave to amend.

We decline to consider new contentions presented by Turner on appeal, including allegations that Deputy Ruiz is not under color of authority as a Mental Evaluation Team member, that Turner was wrongfully billed for an ambulance ride and other hospital services, that Deputy Ruiz is an imposter, that County counsel slandered Turner and committed mail fraud, that Willoughby is not a highway, that a nurse wrongly billed Medicare, that Sergeant Tanney is an imposter, and that defense counsel for Stojanovich committed malpractice by citing fabricated legal rules and codes. Generally, this court does not entertain issues not presented to the district court, and the issues that Turner raises do not fit within any of the judicial exceptions to this rule. *See Harden v. Roadway Package Sys., Inc.,* 249 F.3d 1137, 1141 (9th Cir.2001). In addition, these contentions go beyond the scope of the complaint, and are thus not relevant to determining the validity of the dismissal of that complaint.

III. Motion for Disqualification of County

We deny Turner's request to disqualify or impose sanctions on counsel for the County for failing to give the court timely written notice of a change of attorney.

The responsible attorney has not changed, since the Office of County Counsel has been representing the County throughout the case. In addition, Turner has not been prejudiced. Counsel's address and contact information have remained the same, and official documents have included the new attorney's information since at least September 11, 1998.

IV. Motion to Strike Portions of Excerpts of Record

We grant defendant Stojanovich's motion to strike portions of appellant's Excerpts of Record, Supplemental Excerpts of Record, and informal brief in part. Turner has included irrelevant documents in his submissions to this court, including letters from government officials apparently responding to Turner's inquiries about unrelated current events. Because these documents are irrelevant to the case, we grant the motion with regard to Pages 56 through 66 of Turner's Appendix to his informal brief and pages 15 through 19 of the Appendix to Appellant's Response. *See* 9th Cir. R. 30–2. However, some of the documents listed in this motion, although not provided to the district court, are relevant to the arguments presented on appeal. Accordingly, we deny the motion to strike the remaining documents.

We reverse the district court's dismissal with respect to the claim stated in Count I against defendant Sean Ruiz. We affirm the dismissal with respect to all remaining defendants and claims. We deny Turner's motion to disqualify the County's counsel, and grant in part Stojanovich's motion to strike. All parties shall bear their respective costs.

AFFIRMED in part and REVERSED in part.