FILED

AUG 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: RODEO CANON DEVELOPMENT CORPORATION,<br><br>Debtor,<br><br>―――――――――――――<br><br>BEVERLY RODEO DEVELOPMENT CORPORATION; FRED YASSIAN,<br><br>Appellants,<br><br>v.<br><br>ROBERT L. GOODRICH; WILLIAM WARNICK; ANN WARNICK; JILL WARNICK; ALLAN WARNICK; DAVID PERRY; DANNY PERRY,<br><br>Appellees. | No. 07-56718<br><br>BAP No. CC-07-01088-KMoD<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Klein, Montali, and Dunn, Bankruptcy Judges, Presiding

| | |
|---|---|
| In the Matter of: RODEO CANON DEVELOPMENT CORPORATION, | No. 08-56760<br><br>D.C. No. 2:07-cv-01510-GPS |

―――――――――

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Debtor,

BEVERLY RODEO DEVELOPMENT CORPORATION, a California corporation, 9615 BRIGHTON WAY, a California limited liability partnership; FRED YASSIAN,

Appellants,

v.

BIJAN CHADORCHI, an individual; FERESHTEH CHADORCHI, an individual; THE CHADORCHI LIVING TRUST,

Appellees.

In the Matter of: RODEO CANON DEVELOPMENT CORPORATION,

Debtor,

BEVERLY RODEO DEVELOPMENT CORPORATION, a California corporation,

Appellants,

v.

BIJAN CHADORCHI; FERESHTEH CHADORCHI; CHADORCHI LIVING

No. 08-56762

D.C. No. 2:07-cv-01515-GPS

2

TRUST,

         Appellees.

---

In the Matter of: RODEO CANON
DEVELOPMENT CORPORATION,

         Debtor,

FRED YASSIAN; BEVERLY RODEO
DEVELOPMENT CORPORATION, a
California corporation; 9615 BRIGHTON
WAY, a California limited liability
partnership,

         Appellants,

  v.

BIJAN CHADORCHI, an individual;
FERESHTEH CHADORCHI, an
individual; THE CHADORCHI LIVING
TRUST,

         Appellees.

No. 08-56773

D.C. No. 2:07-cv-08105-GPS

---

In the Matter of: RODEO CANON
DEVELOPMENT CORPORATION,

         Debtor,

THE CHADORCHI LIVING TRUST;

No. 08-56807

D.C. No. 2:07-cv-04833-GPS

3

FERESHTEH CHADORCHI; BIJAN
CHADORCHI,

                  Appellants,

  v.

BEVERLY RODEO DEVELOPMENT
CORPORATION; FRED YASSIAN,
AKA Fred Yassian; ROBERT L.
GOODRICH, Trustee,

                  Appellees.

Appeals from the United States District Court
for the Central District of California
George Schiavelli, District Judge, Presiding

Argued and Submitted June 9, 2010
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges, and MARBLEY, District
Judge.[**]

    In these consolidated appeals, Appellants Beverly Rodeo Development

Corporation (Beverly Rodeo) and Fred Yassian (Yassian, and together with

Beverly Rodeo, the Yassian Parties) contend that the bankruptcy court erred when

it denied their various attempts to set aside, vacate, or obtain compensation for a

---

    [**]    The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

4

final sale order (Sale Order) entered by the bankruptcy court in 2001. On cross-appeal, Appellees and Cross-Appellants Bijan Chadorchi, Fereshteh Chadorchi, and The Chadorchi Living Trust (the Chadorchi Parties) allege that the bankruptcy court improperly denied their motion for attorneys' fees and costs.

**1.** The district court properly affirmed the bankruptcy court's order denying the Yassian Parties' Fed. R. Civ. Pro. 60(b)[1] motion, which was filed for the purpose of setting aside or vacating the Sale Order. The bankruptcy court approved the sale of the property pursuant to 11 U.S.C. § 363(b)(1) and (f)(4). Having failed to obtain a stay of the sale pending appeal, the sale closed and the Chadorchi Parties obtained title to the property free and clear of all interests. *See Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 279 (9th Cir. 2002).

**2.** The bankruptcy court's conclusion that fraud on the court was not established was proper because "[t]here is simply no indication of a fraudulent plan or scheme designed to improperly influence the [bankruptcy court] . . ." *Abatti v. Comm'r of Int. Rev. Serv.*, 859 F.2d 115, 118 (9th Cir. 1988). Similarly, there is

---

[1]Rule 60(b) is made applicable to bankruptcy proceedings through Fed. R. Bankr. Pro. 9024.

5

nothing to indicate that the bankruptcy court was actually deceived by any fraudulent misrepresentations, false statements, or omissions in authorizing the sale of the property.

**3.** The bankruptcy court properly granted summary judgment to the Chadorchi Parties in the Goodrich Adversary proceeding. As discussed above, the Yassian Parties failed to provide evidence to substantiate their allegations of fraud on the court. The bankruptcy court struck all deposition testimony submitted by the Yassian Parties, and there is nothing to suggest that the bankruptcy court committed an abuse of discretion in making its evidentiary rulings. *See Johnson v. Neilson (In re Slatkin*), 525 F.3d 805, 811 (9th Cir. 2008).

**4.** The bankruptcy court properly dismissed the claims asserted by the Yassian Parties against the Chadorchi Parties in the Yassian Adversary proceeding for failure to state a claim upon which relief could be granted. The Yassian Parties sought a declaration that the Sale Order was void or voidable for want of subject matter jurisdiction or for fraud on the court. Even assuming claim preclusion did not apply, issue preclusion did. *See Frankfort Digital Servs., Ltd. v. Kistler (In re Reynoso*), 477 F.3d 1117, 1122 (9th Cir. 2007). These issues were litigated,

6

necessarily decided, and resulted in final orders or judgments against the Yassian Parties in the litigation involving the Sale Avoidance Motion and Goodrich Adversary proceeding. *See id*.

In the alternative, the Yassian Parties sought a declaration determining that the Chadorchi Parties held nothing more than bare legal title to the property. However, if the Sale Order is presumed to be valid, the bankruptcy court lacked jurisdiction to determine rights to the property because it was no longer property of the estate. *See McQuaid v. Owners of NW 20 Real Estate (In re Federal Shopping Way, Inc.)*, 717 F.2d 1264, 1272 (9th Cir. 1983). Therefore, the bankruptcy court did not err in concluding that no declaratory relief could be granted.

Because we conclude that the bankruptcy court properly dismissed the Yassian Parties' alternative claim for relief for failure to state a claim upon which relief could be granted, we also conclude that the bankruptcy court did not err in denying as moot the Yassian Parties' partial motion for summary judgment.

**5.** The bankruptcy court's denial of the Yassian Parties' request for approval and payment of an administrative expense claim was correct. In paragraph 18 of the Settlement Deal Term Sheet (Settlement), the Yassian Parties expressly waived their right to assert any known and unknown claims they may have had against the

estate in connection with the property. We do not consider the Yassian Parties' allegations that they are entitled to recover administrative expenses from any actions or inactions of the current trustee because these arguments have been made for the first time on appeal. *See Harden v. Roadway Package Systems, Inc.*, 249 F.3d 1137, 1141 (9th Cir. 2001).

**6.** The bankruptcy court's denial of the Chadorchi Parties' motion for attorneys' fees was proper. The Chadorchi Parties' reliance on *Adam v. DeCharon*, 31 Cal. App. 4th 708 (1995), is misplaced. The decision in *Adam* does not stand for the proposition that an action filed in federal court can be deemed to "arise out of" a contract governed by state law merely because the action would not have existed "but for" the contract.

Similarly, *Lafarge Conseils ET Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334 (9th Cir. 1986), is inapposite. In *Lafarge*, we affirmed a district court's award of attorneys' fees to an appellee who had successfully opposed a Rule 60(b) motion filed for the purpose of vacating an arbitration award. *See id.* at 1339-41. However, in this case, unlike *Lafarge*, the Yassian Parties' claims in the Goodrich Adversary proceeding were not filed for the purpose of vacating an order or judgment that had been entered pursuant to the terms of a

provision in the parties' underlying contract. Therefore, we conclude that the claims asserted in the Goodrich Adversary proceeding did not "arise out of" the Purchase Agreement.

Finally, because the Chadorchi Parties have not addressed the bankruptcy court's denial of their request for costs in either of their briefs, they have waived the right to challenge that decision on appeal. *See Blanford v. Sacramento County*, 406 F.3d 1110, 1114 n.8 (9th Cir. 2005).

**AFFIRMED**.