NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BILLY TAYLOR, | No. 17-15469 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00463-DKD |
| v. | |
| CENTER FOR EXCELLENCE HIGHER EDUCATION, AKA CEHE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David K. Duncan, Magistrate Judge, Presiding[**]

Submitted July 10, 2018[***]

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Billy Taylor appeals pro se from the district court's orders granting

defendants' motion to compel arbitration and confirming the arbitration award in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Taylor's request for oral argument, set forth in the opening brief, is denied.

his employment action.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo.  *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 661 (9th Cir. 2012) (order

confirming arbitration award); *Harden v. Roadway Package Sys., Inc.*, 249 F.3d

1137, 1140 (9th Cir. 2001) (order compelling arbitration).  We affirm.

The district court properly granted defendants' motion to compel arbitration

because the parties entered into a valid arbitration agreement encompassing the

dispute at issue.  *See Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th

Cir. 2013) (Federal Arbitration Act requires that district courts refer cases to

arbitration where a valid arbitration agreement covers the dispute at issue); *see also*

*K–Line Builders, Inc. v. First Fed. Sav. & Loan Ass'n*, 677 P.2d 1317, 1320 (Az.

Ct. App. 1983) (mutuality not needed in the presence of consideration).

Taylor waived any challenge to the district court's order confirming the

arbitration award by failing to raise his arguments to the district court.  *See Smith v.*

*Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not

consider arguments that are raised for the first time on appeal.").

Center for Excellence in Higher Education's motion to strike (Docket Entry

No. 28) is granted.  Center for Excellence in Higher Education's request for

sanctions, attorney's fees, and costs, set forth in the motion to strike, is denied.

**AFFIRMED.**