NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REYNALDO GONZALEZ; THE ESTATE OF NOHEMI GONZALEZ; BEATRIZ GONZALEZ, individually and as the Representative of the Estate of Nohemi Gonzalez; JOSE HERNANDEZ; REY GONZALEZ; PAUL GONZALEZ,

Plaintiffs - Appellants,

v.

GOOGLE INC.,

Defendant - Appellee.

No. 24-4837

D.C. No.
4:16-cv-03282-DMR

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Argued and Submitted October 22, 2025
San Francisco, California

Before: CLIFTON, OWENS, and BUMATAY, Circuit Judges.

Plaintiffs appeal from the district court's denial of their motion to file a

proposed fourth amended complaint ("FAC") for want of subject matter

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction.  The district court concluded that the FAC failed to allege sufficient grounds for either diversity jurisdiction or federal-question jurisdiction.  "The existence of subject matter jurisdiction is a question of law reviewed de novo." *Harden v. Roadway Package Sys., Inc.*, 249 F.3d 1137, 1140 (9th Cir. 2001).  As the parties are familiar with the facts, we do not recount them at length here.  We affirm.

1. The FAC failed to allege a basis for diversity jurisdiction.[1]  Google, the sole defendant, is a citizen of both California and Delaware.  Several named plaintiffs are also citizens of California, which destroys complete diversity, the requirement "that each plaintiff must be of a different citizenship from each defendant."  *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).  For example, despite the allegation in the FAC that Beatriz Gonzalez (in her personal capacity) and Paul Gonzalez were citizens of New Mexico and thus diverse from Google, plaintiffs "admit[ted]" to the district court that both "were domiciled in California at the time they were added to the FAC[.]"  Plaintiffs also concede that Rey Gonzalez was a citizen of California at the time he was added to the FAC,

---

[1] Additionally, when asserting diversity jurisdiction, the FAC, in each instance, uses the phraseology "resides in" or "resident of," instead of referring to domicile or citizenship.  We have previously held this to be a "serious pleading defect[,]" noting that "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

notwithstanding language in the FAC alleging that he was a citizen of New Mexico.

Plaintiffs further argue that these three are now citizens of New Mexico and therefore diverse. They invoke *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567 (2004), for their proposed jurisdictional cure: dropping them as originally nondiverse plaintiffs, only to add them back to the FAC as diverse plaintiffs. The district court considered but rejected this argument, concluding that *Grupo* did not permit such a move. We agree. At issue in *Grupo* was the question whether "a party's post-filing change in citizenship can cure a lack of subject-matter jurisdiction that existed at the time of filing in an action premised upon diversity of citizenship." 541 U.S. at 568. Answering that question in the negative, the Supreme Court held that it would not cure jurisdictional defects that "arose not from a change in the parties to the action, but from a change in the citizenship of a continuing party." *Id.* at 575.

Here, at least three plaintiffs were nondiverse at the time of their addition to the FAC, and the argument is that they are *now* citizens of New Mexico and therefore diverse from Google. This exemplifies precisely "a change in the citizenship of a continuing party[,]" *id.*, which *Grupo* held did not justify a deviation from the time-of-filing rule, *see id.* at 574–75. Under that rule, to which we must adhere "regardless of the costs it imposes[,]" *id.* at 571, "[s]ubject matter

jurisdiction must exist as of the time the action is commenced[,]" *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

There are additional diversity problems. The decedent, Nohemi Gonzalez, whose estate is listed as a plaintiff, was a citizen of California at the time of her death in Paris, France. Beatriz Gonzalez, in her capacity as the estate's representative, is deemed a citizen of the same state as the decedent, which is California. *See* 28 U.S.C. § 1332(c)(2). The FAC thus also failed to allege diversity with respect to these two, and plaintiffs admitted as much to the district court. Plaintiffs requested that these two be dismissed as dispensable parties, but the district court denied the request. We see no reason to interfere with the district court's consideration of the factors for determining party indispensability, particularly since it found that plaintiffs failed to address any of the relevant factors under Fed. R. Civ. P. 19. *See Walsh v. Centeio*, 692 F.2d 1239, 1243 (9th Cir. 1982) (observing that "the determination of indispensability itself under Rule 19(b)[] remains in the sound discretion of the trial judge"); *see also Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990) (concluding, in the Rule 19 context, that "[t]he moving party has the burden of persuasion in arguing for dismissal" (citation omitted)). Moreover, even if dismissal based on a finding of dispensability were appropriate, plaintiffs would still fail to show complete

diversity because, as explained above, three other plaintiffs are nondiverse.  For these reasons, we conclude that the proposed FAC failed to assert complete diversity between the parties.

2. The FAC also failed to allege a basis for federal-question jurisdiction. Plaintiffs alleged a negligence per se claim under California law.[2]  Specifically, they alleged that Google violated California's negligence per se statute by violating 18 U.S.C. § 2339A, a federal anti-terrorism statute criminalizing the provision of material support to terrorists.  Plaintiffs argue that their claim is a state-law claim in which a federal question is embedded, thereby triggering federal-question jurisdiction.  Applying the framework articulated in *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), we conclude otherwise.

Under that framework, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Plaintiffs fail to satisfy the substantiality requirement under the *Grable* test for at

---

[2] We do not address the second claim in the FAC concerning alleged violations of French tort law, as it does not affect our federal-question jurisdiction analysis.

least three reasons.[3]

First, plaintiffs assert that their claim concerns the protection of U.S. citizens abroad from international terrorism, which has important national security and foreign policy implications. But we have previously held that similar concerns regarding "energy policy, national security and foreign policy" are "important policy question[s]" that nonetheless do "not raise a substantial question of federal law" under the *Grable* test. *City of Oakland v. BP PLC*, 960 F.3d 570, 580–81 (9th Cir. 2020) (footnote omitted). Instead, the instant case involves an allegation of "federal violations . . . in garden variety state tort law." *Grable*, 545 U.S. at 318.

Second, plaintiffs describe their claim as arising from "an unusual confluence of events," which they summarize as "misconduct by Google in California which provided material support to ISIS in the Middle East and Europe, leading to a killing in France." In plaintiffs' own description, then, their claim is "fact-bound and situation-specific," which we have previously held weighs against a finding of substantiality under *Grable*. *City of Oakland*, 960 F.3d at 579 (quoting *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006)).

Third, while by itself not dispositive of the federal-question jurisdiction analysis, per *Grable*, we also note as relevant evidence the absence of a federal

---

[3] Because the four requirements under *Grable* are cumulative, meaning all four must be satisfied for the exercise of federal-question jurisdiction, we can and do confine our discussion to only one of the unsatisfied requirements in this case.

private right of action under the law invoked in the FAC. *See Grable*, 545 U.S. at 318. Indeed, the federal anti-terrorism statute relied on not only does not contain a private cause of action—which other anti-terrorism statutes occasionally do, *see, e.g.*, 18 U.S.C. § 2333(a)—but it also appears to reserve enforcement to federal prosecutors, not private parties. *See* 18 U.S.C. § 2339A(a) ("A violation of this section may be prosecuted in any Federal judicial district . . . ."). For the foregoing reasons, we conclude that plaintiffs' negligence per se claim does not warrant the exercise of federal-question jurisdiction.

Having found both diversity jurisdiction and federal-question jurisdiction lacking, we affirm the district court's denial of plaintiffs' motion for leave to amend.

**AFFIRMED**.

24-4837